Howard E. Goldfluss, J.
The issue raised herein has never been resolved by case law, legislative or executive memoranda.
The defendant, an inmate at the detention facility at Bikers Island, was found in possession of a cellophane bag containing a quantity of marijuana, a class A misdemeanor. The People charge him with violation of section 220.03 of the Penal Law, criminal possession of a controlled substance, and with promoting prison contraband in the first degree, section 205.25 of the Penal Law, a class D felony.
Defendant moves to reduce the latter charge to misdemeanor status as provided in section 205.20 of the Penal Law, alleging that the factual allegations cannot sustain the felony status.
Section 205.25 of the Penal Law states as follows: “ A person is guilty of promoting prison contraband in the first degree when: * * * 2. Being a person confined in a detention facility, he knowingly and unlawfully makes, obtains or possesses *428 any dangerous contraband.” (Emphasis supplied.) The relevant portion of section 205.20 which defines promoting prison contraband in the second degree as a class A misdemeanor, repeats the identical language of 205.25 with the exception that it eliminates the word “ dangerous ”.
Both parties agree that marijuana is contraband; they differ in definition of the word “ dangerous.” Subdivision 3 of section 205.00 defines ‘ ‘ contraband ” as “ any article or thing which a person confined in a detention facility is prohibited from obtaining or possessing by statute, rule, regulation or order.” Subdivision 4 defines 1 ‘ dangerous contraband ” as “ contraband which is capable of such use as may endanger the safety or security of a detention facility or any person therein.”
The authors of the Practice Commentary give an alcoholic beverage as an example of contraband, and as an example of dangerous contraband, they give ‘ ‘ weapons, tools, explosives, and similar articles likely to facilitate escape or cause disorder.” (McKinney’s Cons. Laws of N. Y., Book 39, Penal Law, p. 668,) The possession of alcohol is defined as contraband under these circumstances by the former Penal Law (§ 1691, subd. 2, and § 1791, and Correction Law, §§ 502, 503). Possession of marijuana is per se a criminal offense (Penal Law, >§ 220.03) and is, therefore, by its nature, contraband.
Subdivision 2 of section 205.25 and subdivision 2 of section 205.20 are new provisions and have no legislative history. However, subdivisions 1 of these sections which refer to “ knowingly and unlawfully ” introducing into a detention facility “ dangerous contraband ” or “ contraband ” have statutory predecessors. Chapter 333 of the Laws of 1903, amending section 160 of the Penal Law of 1881 made it a misdemeanor to give, sell, furnish, or otherwise deliver ‘ ‘ to any prisoner * * *■ in custody any drug, liquor, or any article prohibited by law or by the rules of the superintendent, keeper, sheriff, board of managers or other person, or official having charge or control thereof. ’ ’
In 1954, the Legislature amended section 1691 of the Penal Law of 1909, and for the first time, distinguished between the types of contraband prohibited from conveying into, taking, or delivering to a prisoner. Subdivision 3 thereof made it a ■felony to convey, etc., any such contraband which “ may be used in such manner as to endanger the safety or security of the institution, or as to endanger the limb of any prisoner, guard, attendant, inmate * * * or other employee therein.”
Section 1828-a of the same Penal Law of 1909 (added by L. 1930, ch. 492, amd. by L. 1954, ch. 732) is similar to section *429 1691, except that it is directed against the warden, guard, official, or other employee of the institution. It, too, makes the distinction between that which is ‘ ‘ prohibited by law or a rule of the department of correction, or other proper authority from receiving or possessing ” and that which “ may be used in such a manner as to endanger the safety or security of the institution, or to endanger the life or limb of any inmate, patient, or employee thereof.” Delivering or attempting to deliver the former was classified as a misdemeanor, and the latter as a felony.
Under subdivision 2 of section 1691 of the Penal Law of 1909, the predecessor to .subdivision 1 of both sections 205.25 and 205.20, a drug was not considered the type of item which, under the provisions of the statute, would rise to the level of a felony. It made conveying, taking, etc., of a drug a misdemeanor. Inferentially therefore, the Legislature did not regard it as likely to endanger the security of the institution.
Subdivision 13 of section 10.00 of the Penal Law defines a “dangerous instrument” as any instrument, article or substance which “under the circumstances in which it is used, attempted to be used or threatened to be used, is readily capable of causing death or other serious * * * injury.” There is no indication that the Legislature intended to change this definition of the word “dangerous” when applied to contraband. Based on the legislative history as recited herein, the word ‘ ‘ dangerous ’ ’ as applied in sections 205.25 and 205.20 means what it has meant heretofore: i.e., an article or substance lik^y to cause death or other serious injury. Weapons, tools, explosives and items of that type would be included by the very nature of their applicabilities.
The District Attorney’s point is well made when he alleges in his memorandum that our drug laws have become more stringent and that the nature of a detention facility is basically sensitive. Certainly, it is conceivable that the possession of marijuana by a prisoner could be potentially dangerous. His possession of alcohol could also be potentially dangerous; but for the purposes of this statute, only the bottle that contained the alcohol would fit the intent and meaning of its wording. To extend this intent by saying that the Inarijuana once consumed by an inmate would make him potentially dangerous, would have to contain too many inferences and would change the legal definition of ‘ ‘ dangerous contraband ’ ’. In effect, the court would be declaring an act a fejony by judicial fiat. The court does not have the power to do ^o and hopefully, will never *430 be empowered to do so. It is ¡solely the Legislature’s province. It might be well for the Legislature, if indeed it is their intent, to make the unauthorized possession of any drug in a penal institution a felony, thereby resolving the doubts raised by the issue herein.
The motion to reduce the class D felony of section 205.25 to the class A misdemeanor of section 205.20 is hereby granted.