RICHARDSON, J.
Defendant appeals his conviction by a jury of supplying contraband, marijuana, into a correctional facility contrary to ORS 162.185(l)(a). He proffers nine assignments of error. The first two assignments assert his motions for judgment of acquittal and directed verdict should have been granted on the ground the state had failed to prove marijuana was contraband within the purview of the statute. The third and fourth assignments relate to the court’s rulings which, he argues, allowed the state to ask a leading question of its witness and cut off his cross-examination of the same witness. The balance of the claimed errors relates to the court’s refusal to give certain of defendant’s requested instructions.
Defendant was incarcerated in the county jail, serving a 30 day sentence on a separate conviction, at the time of this offense. He was taken from the jail facility on order of the district court to attend a counseling session. He was searched on his return to the jail facility and the jailer found two grams of marijuana in the toe of his shoe.
Defendant’s contentions regarding his first two assignments of error revolve around construction of the statute under which he was charged. ORS 162.185 provides:
"(1) A person commits the crime of supplying contraband if:
"(a) He knowingly introduces any contraband into a correctional facility, juvenile training school or state hospital * * *
«* * * * *
Contraband, as used in ORS 162.185, is given the following meaning in ORS 162.135:
"(1) 'Contraband’ means any article or thing which a person confined in a correctional facility, juvenile training school or state hospital is prohibited by statute, rule, regulation or order from obtaining or possessing, and *[196] whose use would endanger the safety or security of such institution or any person therein. ‡ ”
Defendant argues the statutory definition of contraband, which includes the requirement that the items use would endanger the safety or security of the correctional facility, does not include marijuana. The definition of contraband was taken in part from the New York Revised Penal Law, § 205.00. See, Proposed Oregon Criminal Code 196, Commentary, § 194 (1970). The New York code divides the prohibited items into two categories; contraband, defined as "any article or thing which a person confined in a detention facility is prohibited from obtaining or possessing” and dangerous contraband, which is contraband "capable of such use as may endanger the safety or security of a detention facility or any person therein.” Possession of dangerous contraband is a felony while possession of contraband is a misdemeanor.
The Criminal Court of the City of New York construed the New York statute in People v. Soto, 77 Misc 2d 427, 353 NYS2d 375 (Crim Ct 1974). The question for decision was whether the defendant, an inmate found in possession of marijuana, was guilty of a felony or a misdemeanor. The court held "dangerous contraband” included items likely to cause death or serious injury such as guns, knives and explosives, but did not include marijuana.
Defendant contends, since the Oregon Legislature adopted the essence of the New York definition of dangerous contraband, it intended to include as contraband only those items which are capable of inflicting injury or death or could facilitate escape. Although defendant concedes People v. Soto, supra, was decided subsequent to adoption of Oregon’s Revised Criminal Code he argues that court’s interpretation of dangerous contraband is helpful in defining contraband under the Oregon statute. Marijuana, he contends, would not be included under the rationale of *[197] People v. Soto, supra, as dangerous contraband and should not thus be included as contraband in Oregon.
While the Oregon statute was derived from the New York code it was not copied from the New York statutes. Particularly the Oregon statute does not adopt the distinctions between types of contraband that result in different penalties. Had the legislature elected to make this distinction defendant’s argument might have merit. The statute is not ambiguous and it is therefore unnecessary to resort to extrinsic indicators of intent to define its terms. Whether the use of a particular item in a correctional facility would endanger the safety or security of that facility is a question of fact.
There are certain items which by the very nature of their ordinary application would constitute a danger, such as guns, knives, explosives and hacksaws. Other items, although not ordinarily dangerous to safety or security, may become so when used in the sensitive atmosphere of a correctional facility. The statute is broad enough to include any item which an inmate is prohibited from possessing by statute, rule or regulation, and the use of which can be shown by competent evidence to constitute a danger to the safety and security of the correctional facility or any person in the facility. We cannot ascribe to the legislature an intent to proscribe only articles inherently dangerous or readily usable to facilitate escape, leaving no prohibition for introduction of the multiplicity of things that could endanger the safety and security of the institution.
Any person is prohibited by statute from possessing marijuana, ORS 167.207, thus the first part of the definition of contraband is satisfied. The state presented evidence, through the testimony of a county jailer, that even the small amount of marijuana found on defendant could be dangerous to the security of the facility. He testified a person could become intoxicated on the drug and cause problems of internal security in *[198] the institution. He also testified if a person has marijuana in the jail other inmates may seek to take it away from him and create problems of security. This was evidence from which the jury could find the marijuana was contraband.
In addition, defendant argues there was no evidence the defendant introduced the marijuana into the institution. He argues he was simply transferred from the custody of the jailer to the person who took him to the counseling session and was therefore continually in custody. Thus, he urges, he could not be guilty of introducing the contraband into the institution since he never left custody.
ORS 162.135(2) defines correctional facility as follows:
" 'Correctional facility means any place used for the confinement of persons charged with or convicted of a crime * * * ”
"Custody” is given the following meaning by ORS 162.135(3):
" 'Custody’ means the imposition of actual or constructive restraint by a peace officer pursuant to arrest or court order, but does not include detention in a correctional facility * *
Defendant may have been in custody when he left the institution with the counselor pursuant to court order but he was not then in a correctional facility.
Defendant was charged with introducing contraband under ORS 162.185(l)(a) and not possession of contraband under paragraph (b). He argues that since he was not searched prior to departure form the facility there was no evidence he did not have the marijuana when he left. If, he contends, he always had the contraband in his possession, he did not then introduce it into the facility. This is merely an assertion of a logical inference that could be drawn from the evidence presented. The jury could draw a permissible inference that he acquired the marijuana during his absence from the jail and brought it in upon his *[199] return. Selecting one of several inferences the evidence suggests is a matter for the trier of fact. State v. Krummacher, 269 Or 125, 523 P2d 1009 (1974).
Defendant’s third assignment of error does not warrant discussion.
The fourth assignment of error claims the court, by sustaining the state’s objection to a question on cross-examination of the state’s only witness, effectively denied defendant complete cross-examination on a material point of evidence. The objection was to the misleading form of the question. The defendant’s counsel had ample opportunity and did examine the witness extensively on the point. There was no error in sustaining the objection.
The balance of defendant’s assignments of error relate to the failure of the court to give verbatim five of his requested instructions. The instructions given by the trial court conformed substantially to those requested by the defendant. The portions deleted by the court were either repetitious or incorrect statements of the law.
The requested instruction on weaker and less satisfactory evidence was properly denied since there was no showing the state had failed to offer all the evidence within its power to produce. See, State v. Jordan, 238 Or 184, 393 P2d 766 (1964).
Affirmed.