OPINION OF THE COURT
Eugene L. Nicandri, J.
By written stipulation of the parties at a court-ordered pre *411 trial disclosure conference, the court has reviewed the minutes of the Grand Jury presentation in order to evaluate the sufficiency of the evidence and legal instructions to support the first count, charging promoting prison contraband in the first degree (Penal Law § 205.25 [2], a class D felony). The defense has raised no objections to the evidence or instructions relating to the second count, charging criminal sale of marihuana in the fourth degree (Penal Law § 221.40, a class A misdemean- or).
Factually it is alleged that defendant knowingly possessed marihuana in the St. Lawrence County Correctional Facility while defendant was confined there. The indictment further charges that the marihuana constituted dangerous contraband, thereby distinguishing this charge from promoting prison contraband in the second degree, which would be the relevant statute for the same conduct if the marihuana were only deemed to be “contraband” rather than “dangerous contraband” as both terms are defined in Penal Law § 205.00 (3) and (4), respectively. In effect the parties have stipulated to have this court determine whether marihuana is dangerous contraband when intentionally possessed by a confined prisoner.
Penal Law § 205.00 (4) defines “dangerous contraband” as “contraband which is capable of such use as may endanger the safety or security of a detention facility or any person therein.” Subdivision (3) of the same statute defines “contraband” as “any article or thing which a person confined in a detention facility is prohibited from obtaining or possessing by statute, rule, regulation or order.”
The Grand Jury testimony establishes that a book of inmate rules and regulations is given to each inmate upon admission to the facility, and inmates sign for the booklets to acknowledge receipt. These rules (at 37) define contraband at the correctional facility as “anything not listed above or not listed in Article VII Hygiene, Housekeeping, Sanitary & Safety shall be considered as contraband, except those items bought in commissary or personal letters and correspondence.” Elsewhere the same rules state that inmates are subject to criminal process as well as to internal disciplinary procedures for violations of law.
The court takes judicial notice of 7 NYCRR 270.2 (14) (xiv) and (xvi), which are rules of the New York State Department of Correctional Services pertaining to contraband in State prisons. Those rules, too, treat marihuana as contraband.
The Grand Jury presentation included testimony by an em *412 ployee of the New York State Department of Correctional Services Inspector General’s office. The witness’ job concerned investigations into narcotics in the corrections environment, including cases involving alleged possession by inmates. The witness identified marihuana as a drug popular with prison inmates, despite the prison system’s policy of “zero tolerance” for drug possession. The witness explained that marihuana is popular with prisoners at least in part because of its lower cost “on the street,” and because of it being relatively easy to conceal on its way into the prisons. The witness explained that inmates have a strong demand for marihuana inside the facilities, and will sometimes go to extreme lengths to get some, including assaults on other inmates, and on staff The witness noted that there are particular institutional safety concerns involved with the possession of drugs in the prisons. Fear of arrest for possession, for example, can result in what would otherwise be a routine pat-down frisk of an inmate turning into a prisoner assault on a staff person. The witness further noted that the already difficult prison environment can be made more dangerous and uncertain when some inmates have an altered state of consciousness from the use of drugs. The witness noted that the St. Lawrence County Correctional Facility, where this crime is alleged to have occurred, is like other secure detention facilities in the State, and that the State-wide safety concerns are therefore relevant at that facility.
The witness further noted that many State-ready (sentenced but not yet transported) inmates are housed in local facilities, and that in any event, the counties have the same obligation to provide safe and secure housing of prisoners as do the State facilities.
The witness was specifically asked whether the sale of marihuana in the facility would result in activity which is capable of endangering the safety and security of the detention facility or of people in it, and he replied that it would. He also noted that items like marihuana and cigarettes become like cash, as a means for barter within the prisons, although prisoners may not have cash while incarcerated. The witness noted that there has been a sharp increase in the prison population in the last 15 years, and that inmate assaults have also increased. Seventy percent of inmates in the State system have some connection between drugs and the crime for which they were arrested, the witness testified.
Only one New York court has directly ruled on this issue, with respect to possession of marihuana by an inmate. In People *413 v Soto (77 Misc 2d 427 [Crim Ct, Bronx County 1974]), the court examined the same language in the recently enacted statute. While at that point in time the court regarded as speculative the likelihood of danger and security concerns to which the corrections representative attested here, the court nonetheless found the argument plausible and the concerns legitimate. Nonetheless, the court also found nothing in the loosely worded statute to indicate a legislative intent to include drugs of any sort within the definition of dangerous contraband. The Soto court pointedly noted that it lacked the authority to redefine the statute, by “judicial fiat,” to include what the Legislature did not include. (Supra, at 429.)
Since 1974 there have been two appellate rulings that heroin is dangerous contraband within the meaning of the statute at issue here. In People v Watson (162 AD2d 1015 [4th Dept 1990]) the Court recited the definitions of contraband and dangerous contraband, and then held that:
“The evidence demonstrates that even a small amount of heroin can potentially be dangerous to the user and to others, and that its presence in a facility which houses large numbers of prisoners who are known to have used the drug can result in disruptive and dangerous behavior among the inmate population. Accordingly, the evidence supports the jury’s guilty verdict.”
Five years later, without elaboration, the Second Department reached the same conclusion, citing Watson (supra) with approval, in People v Rivera (221 AD2d 380 [2d Dept 1995]).
While the Court of Appeals has not ruled on the question of controlled substances or marihuana as dangerous contraband, it has shown a concern for prison safety and security issues. (People v Vasquez, 89 NY2d 521, 532 [1997] [concern for prison safety, involved in prison disciplinary hearings, is a different concern from the vindication of public justice at issue in a criminal prosecution].)
In view of the two appellate decisions concerning heroin as dangerous contraband, this court does not address the marihuana question in the same context as did the Soto court. In the present case there is a sufficient factual basis in the evidence from which the Grand Jury could have had reasonable cause to believe that this defendant possessed dangerous contraband within the correctional facility when he possessed *414 marihuana. The implied motion to dismiss or reduce the count to one involving mere contraband, rather than dangerous contraband, is therefore denied.