OPINION OF THE COURT
Memorandum.
The order of County Court should be affirmed.
Defendant, a correction officer at Elmira Correctional Facility, appeals from an order of County Court reinstating an information charging him with promoting prison contraband in the second degree by knowingly and intentionally selling whiskey to an inmate (see, Penal Law § 205.20 [1]). The Legis *890 lature has specified that contraband is "any article or thing which a person confined in a detention facility is prohibited from obtaining or possessing by statute, rule, regulation or order” (Penal Law § 205.00 [3]). Thus, to establish that the article "promoted” is "contraband”, other statutes and rules must be examined. This information did not identify the particular regulation the prosecution relied upon and defendant, assuming that the regulation involved must be that found in the "Standards for Inmate Behavior”, moved to dismiss. He contended that the information was defective because section 8 of article IV of the State Constitution provides that departmental rules and regulations shall not be effective until filed in the office of the Secretary of State and that the "Standards for Inmate Behavior” had not been filed on the date of the offense as required (see, Matter of Jones v Smith, 64 NY2d 1003). Recorder’s Court agreed and granted defendant’s motion. On appeal, County Court reinstated the information. It found the information sufficient based on the visitation regulations found in 7 NYCRR former § 200.5 (d), which had been filed with the Secretary of State and which do identify alcohol as contraband and forbid visitors from making gifts of it to inmates.
On this appeal defendant contends that County Court erred because, as both courts below found, the "Standards for Inmate Behavior” had not been filed as required by the Constitution, because the rule regulating inmate visitation was not intended to apply to correction officers and could not provide a basis for prosecuting them and because none of the several other regulations or statutes urged by the District Attorney is applicable for similar reasons.
It is fundamental that an information is jurisdictionally defective unless it states every element of the crime with which the defendant is charged and the particular facts establishing that defendant committed it (CPL 100.40 [1] [c]; 100.15 [3]; People v Hall, 48 NY2d 927; People v Case, 42 NY2d 98, 99; People v Harper, 37 NY2d 96, 99). The requirement serves two purposes: to provide notice enabling the defendant to prepare for trial and to distinguish the offense sufficiently to prohibit reprosecution (People v McGuire, 5 NY2d 523, 526; cf., People v Charles, 61 NY2d 321, 326-327 [dealing with indictments]). This information clearly meets legal standards if whiskey is contraband.
The visitation regulation was the only "statute, rule, regulation or order” defining whiskey as contraband prohibited to *891 the inmates by Penal Law § 205.20 (1) at that time. Inasmuch as it was filed at the time of the offense charged, the information properly alleged a crime under the statute because it charged defendant with selling to an inmate an item identified as contraband by a regulation (cf., People v Crisofulli, 91 Misc 2d 424). That the regulation applied to visitation and not the behavior of inmates or correction officers is immaterial: the statute only requires that whiskey be identified as contraband by the official action described (cf., People v Martindale, 6 Misc 2d 85). Defendant claims that the regulation may not be relied upon because a correction officer would not think to examine it when regulating his own conduct, but defendant does not claim that he was unaware whiskey was contraband and even if he did claim ignorance of the regulation that would not affect the validity of the information but only the prosecutor’s claim that defendant acted knowingly in introducing the whiskey into the correction facility.
Chief Judge Wachtler and Judges Simons, Kaye, Titone, Hancock, Jr., and Bellacosa concur; Judge Alexander taking no part.
Order affirmed in a memorandum.