■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ELIJAH WATSON, Appellant.—Judgment unanimously affirmed. Memorandum: While an inmate at Attica Correctional Facility, defendant was found to be in possession of a quantity of heroin. He was convicted, after a jury trial, of criminal possession of a controlled substance in the seventh degree (Penal Law § 220.03) and promoting prison contraband in the first degree (Penal Law § 205.25 [2]). On appeal, defendant contests only his conviction of promoting prison contraband. He argues that heroin is not "dangerous contraband" within the meaning of that term as it is defined in Penal Law § 205.00 (4). We disagree.

"Contraband" is "any article or thing which a person confined in a detention facility is prohibited from obtaining or possessing by statute, rule, regulation or order" (Penal Law § 205.00 [3]). "Dangerous contraband" is "contraband which is capable of such use as may endanger the safety or security of a detention facility or any person therein" (Penal Law § 205.00 [4]).

The evidence demonstrates that even a small amount of heroin can potentially be dangerous to the user and to others, and that its presence in a facility which houses large numbers of prisoners who are known to have used the drug can result in disruptive and dangerous behavior among the inmate population. Accordingly, the evidence supports the jury's guilty verdict.

We also find that Penal Law § 205.25 is not unconstitutionally vague. The statute is sufficiently explicit to inform a reasonable person of the nature of the offense and what it is that the law prohibits or commands (see, People v Cruz, 48 NY2d 419, 423-424, appeal dismissed 446 US 901; People v Byron, 17 NY2d 64, 67; see also, People v Miller, 106 AD2d 787, 789). (Appeal from judgment of Wyoming County Court, Conable, J.—promoting prison contraband, first degree.) Present—Dillon, P. J., Boomer, Pine, Davis and Lowery, JJ.