■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN DOWNEY, Appellant. [681 NYS2d 858] —Carpinello, J. Appeal from a judgment of the County Court of Chemung County (Castellino, J.), rendered July 12, 1996, upon a verdict convicting defendant of the crime of promoting prison contraband in the first degree.

While an inmate at Elmira Correctional Facility in Chemung County, defendant was charged with the crime of promoting prison contraband in the first degree after he was found in possession of a sharpened piece of plastic pipe. Following a *Sandoval* hearing, County Court ruled that the People could cross-examine defendant regarding his convictions of burglary in the third degree and criminal possession of a weapon in the second degree without inquiring into the facts underlying the convictions. After County Court declined to charge the jury with the lesser included offense of promoting prison contraband in the second degree, defendant was convicted as charged and sentenced as a second felony offender to an indeterminate prison term of 2½ to 5 years, to run consecutively to the sentence he was then serving. Defendant appeals.

We affirm. We reject defendant's contention that County Court abused its discretion in its *Sandoval* ruling. The similarity of a prior conviction to a charged crime does not automatically preclude inquiry into the nature of the prior conviction (*see, People v Bell*, 249 AD2d 777; *People v Hadden*, 210 AD2d 546, *lv denied* 85 NY2d 910). In our view, County Court struck an appropriate balance between the probative value of the prior convictions and any prejudice created by their similarity to the charged crime by limiting questioning to the fact of the prior convictions without permitting inquiry into the circumstances underlying them (*see, People v Johnson*, 213 AD2d 791, *lv denied* 85 NY2d 975).

Also unavailing is defendant's contention that County Court erred in refusing to charge the jury with a lesser included offense. The lesser included offense of promoting prison contraband in the second degree requires proof that an inmate possessed "any contraband" (Penal Law § 205.20 [2]), while the greater offense of promoting prison contraband in the first degree requires proof that the contraband was "dangerous contraband" (Penal Law § 205.25 [2]). Given defendant's testimony that the item he possessed was a weapon (*compare*, Penal Law § 205.00 [4] [dangerous contraband], *with* Penal Law § 205.00 [3] [contraband]), there is no reasonable view of the evidence to support a finding that defendant possessed contraband and not dangerous contraband (*see, People v Jones*, 185 AD2d 470, 471, *lv denied* 80 NY2d 975).

Finally, given defendant's criminal history and his failure to present evidence of any extraordinary circumstances warranting our intervention, we find no reason to disturb the sentence imposed by County Court (see, *People v Lovell*, 251 AD2d 819).

Cardona, P. J., Crew III, Yesawich Jr. and Peters, JJ., concur. Ordered that the judgment is affirmed.