■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SAUL DE POLANCO, Appellant. [700 NYS2d 514] —Crew III, J. Appeal from a judgment of the County Court of Washington County (Berke, J.), rendered October 16, 1998, upon a verdict convicting defendant of the crime of promoting prison contraband in the first degree.

Defendant was indicted and charged with promoting prison contraband in the first degree based upon his possession of a sharpened toothbrush handle. During the jury's deliberations at trial, the jury inquired as to whether they must find that defendant possessed the particular sharpened toothbrush handle that had been admitted into evidence. In response to said question, County Court charged the jury that a determination of guilt could be based upon a finding that defendant possessed a sharpened toothbrush handle other than the one received into evidence and concluded, in a further supplemental charge, by stating that defendant's guilt could be based upon a finding that defendant possessed "a sharpened toothbrush handle or some other type of contraband". Defendant now appeals from his ensuing conviction on the ground that the supplemental charge was erroneous.

Initially, we note that defendant failed to preserve the issue at bar in that his objection did not specify the basis for the claimed error (*see, People v Robinson*, 88 NY2d 1001). Nevertheless, were we to entertain the merits in the interest of justice, we would conclude that defendant's contention lacks merit. To the extent that the supplemental charge authorized the jury to consider defendant's possession of any sharpened toothbrush handle and not merely possession of the one admitted into evidence, there was no violation of defendant's right to fair notice, for the indictment charged defendant with possession of "dangerous contraband consisting of a sharpened toothbrush handle" (*compare, People v Ransdell*, 254 AD2d 63, *lv denied* 92 NY2d 1037, *with People v Gachelin*, 237 AD2d 300). To the extent that County Court's supplemental charge can be viewed as permitting the jury to base its determination of guilt upon defendant's possession of "some other type of contraband", we note that there is no evidence in the record that defendant possessed any contraband other than a sharpened toothbrush handle and, therefore, that portion of County Court's charge, if deemed erroneous, constituted harmless error.

Cardona, P. J., Mikoll, Yesawich Jr. and Mugglin, JJ., concur. Ordered that the judgment is affirmed.