■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LAMALE MCCRAE, Appellant. [747 NYS2d 399] —Carpinello, J.

Defendant was found to be in possession of marihuana while incarcerated at a state correctional facility and was subsequently charged with promoting prison contraband in the first degree and unlawful possession of marihuana. Thereafter, he moved, inter alia, to dismiss that count of the indictment charging him with promoting prison contraband in the first degree or, alternatively, to reduce the charge to promoting prison contraband in the second degree. Following County Court's denial of the motion, defendant pleaded guilty to both charges and was sentenced, as a second felony offender, to 3 to 6 years in prison consecutive to the sentence he was then serving. Defendant appeals.

Initially, Penal Law § 205.25 provides that:

"A person is guilty of promoting prison contraband in the first degree when: * * *

"2. Being a person confined in a detention facility, he knowingly and unlawfully makes, obtains or possesses any dangerous contraband."

Defendant argues that because marihuana is not "dangerous contraband" within the meaning of Penal Law § 205.00 (4), the charge of promoting prison contraband in the first degree should have been reduced to promoting prison contraband in the second degree. We disagree. Penal Law § 205.00 (4) broadly defines dangerous contraband as any item capable of "endanger[ing] the safety or security of a detention facility or any person therein." More than one appellate court has recognized that the use of illegal drugs by inmates in correctional facilities "can result in disruptive and dangerous behavior among the inmate population," thus providing a basis for the charge of promoting prison contraband in the first degree (*People v Watson*, 162 AD2d 1015, 1015, *appeal dismissed* 77 NY2d 857; *see People v Rivera*, 221 AD2d 380, *lv denied* 87 NY2d 977). In light of these appellate decisions, defendant's reliance on *People*

*v Soto* (77 Misc 2d 427) is misplaced. We have considered defendant's other arguments and find them to be without merit. Accordingly, we find no error in the denial of defendant's motion.

Cardona, P.J., Peters, Spain and Rose, JJ., concur. Ordered that the judgment is affirmed.