■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL BROWN, Appellant. [769 NYS2d 657]—

Lahtinen, J. Appeal from a judgment of the County Court of St. Lawrence County (Nicandri, J.), rendered November 13, 2001, upon a verdict convicting defendant of the crime of promoting prison contraband in the first degree.

In May 2000, four small marihuana cigarettes, known in street parlance as "pin joints," were discovered in the cell of an inmate at the St. Lawrence County Correctional Facility. The pin joints allegedly had been obtained by the inmate from defendant, who was also an inmate at the County facility, in exchange for cigarettes. During an ensuing investigation, defendant turned over to a correction officer a substance in a small package that later tested positive as less than one gram of marihuana. Defendant was indicted for promoting prison contraband in the first degree, a class D felony, and the misdemeanor of criminal sale of marihuana in the fourth degree. After lengthy deliberations, a jury found him guilty of promoting prison contraband in the first degree and not guilty of criminal sale of marihuana in the fourth degree. He was sentenced as a

second felony offender to 2¹/₂ to 5 years in prison. Defendant appeals.

Defendant initially argues that the evidence was legally insufficient to establish that the marihuana he possessed constituted "dangerous contraband," which is a necessary element of the crime of promoting prison contraband in the first degree (*see* Penal Law § 205.00 [4]; § 205.25).* On a challenge for legal sufficiency, the evidence is viewed in the light most favorable to the prosecution (*see People v Carroll*, 95 NY2d 375, 382 [2000]). Dangerous contraband is statutorily defined as "contraband which is capable of such use as may endanger the safety or security of a detention facility or any person therein" (Penal Law § 205.00 [4]). Here, the People attempted to prove that this marihuana constituted dangerous contraband at the County facility primarily through the testimony of Vernon Fonda, a senior investigator from the Department of Correctional Services. When initially asked to describe the potential safety concerns or security problems, Fonda responded, "No one in there is in there for—in the state prison system for less than a felony, . . . [s]o, consequently, when you are dealing with that type of group, you want to make sure that those people have their wits about them for the most part." Since inmates in a county facility may include those convicted of misdemeanors as well as those charged, but not yet convicted of any crime, Fonda's characterization of the inmate population was clearly incorrect. Later in his testimony he was asked whether marihuana would be dangerous in the St. Lawrence County facility and his response, given over defense counsel's objection, addressed only broad penological concerns. While there is precedent indicating that a controlled substance can constitute dangerous contraband in some circumstances (*see People v McCrae*, 297 AD2d 878 [2002]; *People v Rivera*, 221 AD2d 380 [1995], *lv denied* 87 NY2d 977 [1996]; *People v Watson*, 162 AD2d 1015 [1990], *appeal dismissed* 77 NY2d 857 [1991]), review of this record fails to reveal competent and specific proof—even when viewed in the light most favorable to the prosecution—that defendant's possession of marihuana endangered safety or security at the St. Lawrence County facility.

To be sure, the danger posed to a facility from certain types of contraband is apparent from the nature of the item (*see e.g. People v Anderson*, 299 AD2d 578 [2002], *lv denied* 99 NY2d 580

---

* The difference between promoting prison contraband in the first degree and promoting prison contraband in the second degree is whether the contraband can be properly characterized as dangerous (*see* Penal Law §§ 205.20, 205.25).

[2003] [razor blade-type weapon]; *People v Mendoza,* 244 AD2d 815, 816 [1997], *lv denied* 91 NY2d 943 [1998] [shank]; *People v Hammond,* 132 AD2d 849 [1987], *lv denied* 70 NY2d 875 [1987] [sharpened metal melted into a pen]). Such a conclusion cannot, however, be drawn merely from the presence of a very small amount of marihuana and general concerns about the marihuana that are not addressed to the specific facts of the particular situation. We conclude that the speculative and conclusory testimony provided at trial was legally insufficient to establish that the marihuana turned over by defendant met the definition of dangerous contraband. Accordingly, pursuant to CPL 470.15 (2) (a), we reduce defendant's conviction to promoting prison contraband in the second degree (*see People v Colantonio,* 277 AD2d 498, 500 [2000], *lv denied* 96 NY2d 781 [2001]).

One other issue advanced by defendant merits discussion. He contends that an improper supplemental instruction was given in response to a question from the jury. "[W]hen a deliberating jury requests supplementary instruction or information, the court 'must give such requested information or instruction as the court deems proper' " (*People v Weinberg,* 83 NY2d 262, 267 [1994], quoting CPL 310.30). The trial court has some discretion in framing its response, but it must respond in a meaningful fashion (*see People v Smith,* 288 AD2d 629, 631 [2001], *lv denied* 97 NY2d 733 [2002]; *People v Henning,* 271 AD2d 813, 815 [2000]). A note from the jury, in addition to seeking advice about the definition of reasonable doubt, specifically related that one juror had indicated reasonable doubt because "in 4 yrs. there has never been a lst degree criminal prosecution of an inmate for possession of marijuana which suggests that the system has reasonable doubt." In response, County Court reiterated that the People bear the burden of proving all elements of the crimes beyond a reasonable doubt, stated that it was "not an element of any of the offenses that were submitted to you whether anyone else was ever prosecuted for an offense," and then continued at some length elaborating on the general principles regarding reasonable doubt. This charge was responsive to the question tendered without being impermissibly coercive, it was a correct statement of the law and a proper exercise of the court's discretion. We, therefore, find no reversible error in this supplemental instruction. Defendant's remaining arguments have been considered and found unpersuasive.

Crew III, J.P., Mugglin, Rose and Kane, JJ., concur. Ordered that the judgment is modified, on the law and the facts, by reducing defendant's conviction of the crime of promoting prison contraband in the first degree to the crime of promoting prison

contraband in the second degree; matter remitted to the County Court of St. Lawrence County for sentencing on said count; and, as so modified, affirmed.

