THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v ANTOINE STANLEY, Respondent. (Appeal No. 1.) [796 NYS2d 767]—

Appeal from an order of the Wyoming County Court (Michael F. Griffith, J.), entered August 19, 2004. The order, insofar as appealed from, granted defendant's motion in part and reduced count one of the indictment to promoting prison contraband in the second degree.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed.

Memorandum: In these consolidated appeals, the People appeal from five orders insofar as they granted that part of each defendant's respective motion to reduce the first count of each indictment from promoting prison contraband in the first degree (Penal Law § 205.25 [2]) to promoting prison contraband in the second degree (§ 205.20 [2]). On a motion to dismiss an indictment under CPL 210.20 (1) (b), the evidence before the grand jury is examined for legal sufficiency, i.e., to determine whether there is "competent evidence which, if accepted as true, would establish every element of an offense charged and the defendant's commission thereof" (CPL 70.10 [1]; see People v Deegan, 69 NY2d 976, 978-979 [1987]). "The sufficiency of the People's presentation is properly determined by inquiring whether the evidence viewed in the light most favorable to the People, if unexplained and uncontradicted, would warrant conviction by a petit jury" (People v Jennings, 69 NY2d 103, 114 [1986]).

"A person is guilty of promoting prison contraband in the second degree when[,] . . . [b]eing a person confined in a detention facility, he knowingly and unlawfully makes, obtains or possesses any contraband" (Penal Law § 205.20 [2]). "A person is guilty of promoting prison contraband in the first degree when[,] . . . [b]eing a person confined in a detention facility, he knowingly and unlawfully makes, obtains or possesses any dangerous contraband" (§ 205.25 [2]). Contraband is "any article or thing which a person confined in a detention facility is prohibited from obtaining or possessing by statute, rule, regulation or order" (§ 205.00 [3]). The People established that the possession of marihuana by defendants was prohibited in the correctional facility where they are detained, and thus presented

sufficient evidence before the grand jury that defendants were in possession of contraband. On these appeals, the dispositive issue is whether the People presented sufficient evidence that defendants were in possession of dangerous contraband. Dangerous contraband "means contraband which is capable of such use as may endanger the safety or security of a detention facility or any person therein" (§ 205.00 [4]).

With respect to the appeals concerning defendants George Price, Alvin Hennigan, and Patrick Reilly, there was no evidence presented before the grand jury to establish that marihuana was "dangerous" contraband. With respect to the appeals concerning defendants Antoine Stanley and Reggie Bullock, the testimony of a captain from the correctional facility "addressed only broad penological concerns" and was insufficient to establish that the marihuana possessed by those defendants was "dangerous" contraband (*People v Brown*, 2 AD3d 1216, 1217 [2003], *lv denied* 3 NY3d 637 [2004]). We agree with the Court in *Brown* that by their very nature certain items of contraband, such as weapons, pose an apparent danger to a facility, but that "[s]uch a conclusion cannot, however, be drawn merely from the presence of a very small amount of marihuana and general concerns about the marihuana that are not addressed to the specific facts of the particular situation" (*id.* at 1218). The distinction between the two degrees of promoting prison contraband would be nonexistent if every item of contraband could be considered dangerous contraband by merely speculating as to how such an item could endanger the safety of a facility. Specific proof is needed regarding how the particular marihuana that was possessed by each defendant endangered the safety of the facility (*see id.* at 1217). Because there was no such proof before the grand jury, County Court properly granted the motions and reduced the first count of each indictment. Present—Pigott, Jr., P.J., Green, Gorski, Smith and Hayes, JJ.