THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SEAN GORDON, Appellant. [808 NYS2d 854]—

Appeal from a judgment of the Wyoming County Court (Mark H. Dadd, J.), rendered October 2, 2003. The judgment convicted defendant, upon a jury verdict, of promoting prison contraband in the first degree and criminal possession of a weapon in the third degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him following a jury trial of promoting prison contraband in the first degree (Penal Law § 205.25 [2]) and criminal possession of a weapon in the third degree (§ 265.02 [1]), defendant contends that he was denied effective assistance of counsel. We reject that contention. The People presented the testimony of correction officers who observed defendant holding a weapon and fighting with another inmate and further observed defendant throw the weapon away, and the weapon was immediately retrieved. Contrary to defendant's contention, the failure of defense counsel to seek preclusion of testimony that the weapon allegedly used by defendant matched a missing piece of metal from a cell in which defendant resided does not constitute ineffective assistance of counsel. Rather, the evidence, the law, and the circumstances of this case, viewed in totality and as of the time of the representation, establish that defense counsel provided meaningful representation (see generally People v Baldi, 54 NY2d 137, 147 [1981]). Nor is there merit to defendant's further contention that Penal Law § 205.25 (2) is unconstitutionally vague (see People v Watson, 162 AD2d 1015 [1990], appeal dismissed 77 NY2d 857 [1991]; see also People v Livingston, 262 AD2d 786, 788 [1999], lv denied 94 NY2d 881 [2000]). Present—Hurlbutt, J.P., Scudder, Gorski, Martoche and Smith, JJ.