■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KYLE SALTERS, Appellant. [817 NYS2d 743]—

Spain, J. Appeals (1) from a judgment of the Supreme Court (Main, Jr., J.), rendered January 31, 2005 in Franklin County, upon a verdict convicting defendant of the crimes of attempted promoting prison contraband in the first degree and conspiracy in the fifth degree, and (2) from a judgment of said court, rendered February 7, 2005 in Franklin County, which resentenced defendant.

After one of defendant's phone calls was monitored at Bare Hill Correctional Facility in Franklin County where he was incarcerated, defendant's visiting girlfriend was intercepted attempting to bring three balloons containing 9.3 grams of marihuana into the facility. Defendant was charged with attempted promoting prison contraband in the first degree and conspiracy in the fifth degree and, following a jury trial, convicted as charged and sentenced as a second felony offender to a prison term of 2 to 4 years for the contraband conviction and one year for the conspiracy conviction, to be served consecutively to his current sentence.

Defendant's sole contention on appeal is that the People failed to prove that this quantity of marihuana constituted "dangerous contraband," an element of promoting prison contraband in the first degree, a class D felony (*see* Penal Law § 205.25 [2]; § 205.00 [4]), defined as "contraband which is capable of such use as may *endanger the safety or security* of a detention facility or any person therein" (Penal Law § 205.00 [4] [emphasis added]).[1] By comparison, promoting prison contraband in the second degree, a class A misdemeanor, is defined in identical terms except it proscribes introduction or possession of "contraband" (Penal Law § 205.20 [2]), defined as anything which "a person confined in a detention facility is prohibited from obtaining or

---

1. Defendant was convicted of attempted promoting prison contraband in the first degree reducing it to a class E felony (*see* Penal Law § 110.00). For ease, reference will be to the crime itself.

possessing by statute, rule, regulation or order" (Penal Law § 205.00 [3]). The statutes do not otherwise clarify the distinction. Defendant argues that this "very small amount" of marihuana is not intrinsically dangerous like weapons and did not compromise the security of the facility (*see e.g.* Leventhal, Charges to the Jury and Requests to Charge in a Criminal Case in New York § 62:1).

The contraband definitions are broad (*see People v McCrae*, 297 AD2d 878, 878 [2002], *lv denied* 1 NY3d 576 [2003]), and there is no available legislative history or Court of Appeals precedent to guide the analysis of when contraband is "dangerous." To establish that an article is " 'contraband', other statutes and rules must be examined" (*People v McDermott*, 69 NY2d 889, 890 [1987]; *see* Penal Law § 205.00 [3]), and examples have included alcohol (*see People v McDermott, supra*), marihuana (*see People v Stanley*, 19 AD3d 1152 [2005], *lv denied* 5 NY3d 856 [2005]; *People v Brown*, 2 AD3d 1216, 1217-1218 [2003], *lv denied* 3 NY3d 637 [2004]) and other prohibited, although not necessarily illegal, items (*see* 7 NYCRR 270.2 [B] [14]; *see also* Greenberg, New York Criminal Law § 23:7 [6 West's NY Prac Series 2005]). Dangerous contraband, on the other hand, has included weapons or items sharpened or altered for such use (*see People v Johnson*, 24 AD3d 803 [2005]; *People v De Polanco*, 267 AD2d 777 [1999], *lv denied* 94 NY2d 902 [2000]), as well as heroin (*see People v Rivera*, 221 AD2d 380 [1995], *lv denied* 87 NY2d 977 [1996]; *People v Watson*, 162 AD2d 1015, 1015 [1990], *appeal dismissed* 77 NY2d 857 [1991]) and marihuana (*see People v McCrae, supra*), and any item that facilitates escape (*see People v Jones*, 134 AD2d 701 [1987], *lv denied* 71 NY2d 969 [1988]).

We have recognized that "the use of illegal drugs by inmates in correctional facilities 'can result in disruptive and dangerous behavior among the inmate population,' thus providing a basis for the charge of promoting prison contraband in the first degree" (*People v McCrae, supra*, quoting *People v Watson, supra* at 1015; *see People v Wilson*, 16 AD3d 781 [2005]; *People v Rivera, supra*; *see also* 7 NYCRR 1010.3). However, we have also held that the danger posed to a facility from "a very small amount of marihuana" is not as apparent as it is with weapons and, thus, requires "competent and specific proof" of the danger posed to the security and safety of the particular facility (*see People v Brown*, 2 AD3d 1216, 1217-1218 [2003]; *accord People v Stanley, supra*; *People v Martinez*, 11 Misc 3d 947 [2006]).

The issue is an important one,[2] particularly so in view of the potential second or persistent felony offender consequences (*see* Penal Law §§ 70.06, 70.10, 70.00 [2], [3]; *see also People v Stokes*, 290 AD2d 71 [2002], *lv denied* 97 NY2d 762 [2002], *cert denied* 537 US 859 [2002]). While we reject defendant's comparison to possession outside of a correctional facility (*see* Penal Law § 10.00 [3]; § 221.05; *see People v Livingston*, 262 AD2d 786, 788-789 [1999], *lv denied* 94 NY2d 881 [2000]; *cf.* Penal Law § 221.10 [2]; § 221.20), the need for clarity and consistency is manifest.

In this case, the testimony of James Bezio, a Senior Investigator with the Inspector General's narcotics unit of the Department of Correctional Services, provided sufficient facility-specific proof, which went well beyond "only broad penological concerns" (*People v Brown, supra* at 1217), that defendant's attempt to possess marihuana at this facility "endanger[ed] the safety or security of [the] . . . facility or any person therein" (Penal Law § 205.00 [4]; § 205.25 [1]; *see People v Brown, supra*). Bezio, a 22-year employee with 16 years of experience and thousands of narcotics-related investigations, testified that Bare Hill Correctional Facility experienced "a lot of drug activity," which has caused problems for inmates and employees such as altercations and disobedience, and that this quantity of marihuana constituted an amount capable of being sold or distributed, thereby endangering the security and safety of staff and inmates. Thus, we find that the evidence was legally sufficient to support the conviction of attempted promoting prison contraband in the first degree (*see People v Bleakley*, 69 NY2d 490, 495 [1987]; *People v Contes*, 60 NY2d 620, 621 [1983]).

Mercure, J.P., Peters, Rose and Kane, JJ., concur. Ordered that the judgments are affirmed.

---

2. By comparison, introduction or possession of any quantity of marihuana in a federal prison is punishable by a fine and up to five years of imprisonment, to be served consecutively to the defendant's current sentence (*see* 18 USC § 1791 [b] [3]; [d] [1] [B]). The federal statute sets forth various sentences for specific types of contraband or drugs possessed or introduced, obviating the need to classify items as either "contraband" or "dangerous contraband."