(November 2, 2006)

■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v FABIO MARTINEZ, Respondent. [823 NYS2d 574]—

Mercure, J.P. Appeal from an order of the County Court of Greene County (Lalor, J.), entered January 30, 2006, which, inter alia, reduced count one of the indictment to a lesser included offense.

In June 2005, while defendant was an inmate at Greene Correctional Facility in Greene County, correction officers discovered marihuana in his possession with a total aggregate weight of 0.13 grams. Defendant was charged in a two-count indictment with promoting prison contraband in the first degree and unlawful possession of marihuana. Defendant moved for, among other things, dismissal of the indictment or, in the alternative, the reduction of count one. County Court reduced count one of the indictment to a charge of promoting prison contraband in the second degree, and the People now appeal.

"[T]he danger posed to a facility from 'a very small amount of marihuana' is not as apparent as it is with weapons and, thus, requires 'competent and specific proof' of the danger posed to the security and safety of the particular facility" (*People v Salters*, 30 AD3d 903, 904 [2006], quoting *People v Brown*, 2 AD3d 1216, 1217-1218 [2003], *lv denied* 3 NY3d 637 [2004]). Moreover, proof of "only broad penological concerns" is insufficient to establish the danger posed to the facility (*People v Brown, supra* at 1217). Here, the People offered testimony from a high-ranking correction officer who provided the grand jury with only a general description of the dangers posed to a correctional facility when inmates possess items considered to have value in the prison setting, likening the possession of marihuana to that of cigarettes or soap. We cannot conclude, however, that the amount of marihuana at issue here poses a danger based upon "general concerns . . . that are not addressed to the specific

facts of the particular situation" (*id.* at 1218; *compare People v Salters, supra* at 905). Thus, we agree with County Court that the evidence was not legally sufficient to support the charge of promoting prison contraband in the first degree, and County Court properly reduced the charge to promoting prison contraband in the second degree (*see* CPL 210.20 [1-a]).

Spain, Mugglin, Rose and Kane, JJ., concur. Ordered that the order is affirmed. [*See* 11 Misc 3d 947 (2006).]