■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANKIE PAGAN, Appellant. [828 NYS2d 665]—

Mercure, J. Appeal from a judgment of the County Court of Saratoga County (Scarano, Jr., J.), rendered April 28, 2005, convicting defendant upon his plea of guilty of the crime of attempted promoting prison contraband in the first degree.

Defendant, a prison inmate, was charged in an indictment with promoting prison contraband in the first degree after he was found to be in possession of a cellular phone. He subsequently pleaded guilty to attempted promoting prison contraband in the first degree, without waiving his right to appeal. He was sentenced in accordance with the negotiated plea agreement to 1½ to 3 years in prison. Defendant now appeals, challenging the sufficiency of the plea allocution.

Initially, we note that defendant did not move to withdraw his plea or to vacate the judgment of conviction and, thus, he failed to preserve his arguments for our review (*see e.g. People v Wagoner*, 30 AD3d 629, 629 [2006]). Nevertheless, inasmuch as County Court accepted defendant's plea despite the fact that the allocution "cast[ ] significant doubt upon [his] guilt . . . [and] call[ed] into question the voluntariness of the plea," the narrow exception to the preservation requirement is applicable here (*People v Lopez*, 71 NY2d 662, 666 [1988]; *see People v Ocasio*, 265 AD2d 675, 676 [1999]).

An inmate confined in a detention facility is guilty of attempted promoting prison contraband in the first degree, a class E felony, when he or she attempts to "knowingly and unlawfully make[ ], obtain[ ], or possess[ ] any dangerous contraband" (Penal Law § 205.25 [2]; *see* Penal Law § 110.00). "Dangerous contraband" is defined as "contraband which is capable of such use as may endanger the safety or security of a detention facility or any person therein" (Penal Law § 205.00 [4]). While this Court has held that the element of dangerousness is inherent in the very nature of certain items, such as weapons (*see People v Rosario*, 262 AD2d 802, 803 [1999], *lv denied* 93 NY2d 1026 [1999]; *People v Malloy*, 262 AD2d 798, 799 [1999], *lv denied* 93 NY2d 1022 [1999]; *People v Medina*, 262 AD2d 708, 709-710 [1999], *lv denied* 93 NY2d 1023 [1999]), that conclusion cannot be drawn, without more, when "the danger posed to a facility from [the contraband] is not . . . apparent[,] as it is with weapons" (*People v Salters*, 30 AD3d 903, 904 [2006]; *see People v Martinez*, 34 AD3d 859, 859-860 [2006]; *People v Stanley*, 19 AD3d 1152, 1153 [2005], *lv denied* 5 NY3d 856 [2005]; *People v Brown*, 2 AD3d 1216, 1217 [2003], *lvs denied* 3 NY3d 637 [2004]).

During the allocution here, defense counsel indicated that defendant would admit to having possessed a cell phone but would not admit to having possessed a "dangerous instrument." County Court then accepted defendant's plea of guilty based solely on his admission that while an inmate in a detention facility, defendant "attempt[ed] to possess a cellular phone inside

the facility." While a defendant need not admit to committing every element of the crime to which he or she pleads, defendant's express refusal to acknowledge that the item he possessed was dangerous "negate[d] an essential element of the crime" to which he pleaded (*People v Lopez, supra* at 666). Accordingly, County Court could "not accept the plea without making further inquiry to ensure that defendant underst[ood] the nature of the charge and that the plea [was] intelligently entered" (*id.* at 666; *see Matter of Silmon v Travis*, 95 NY2d 470, 474 n 1 [2000]). In the absence of any evidence giving rise to an inference of dangerousness, that defendant's misapprehension of the charges against him was corrected or explained, or that defendant's plea was a voluntary and rational choice among alternative courses of action, defendant's plea must be vacated and the matter remitted to County Court (*see People v Lopez, supra* at 666; *People v Ocasio, supra* at 676-678; *cf. People v Medina, supra* at 709-710; *People v Martinez*, 243 AD2d 923, 924-925 [1997]).

Defendant's remaining arguments are rendered academic by our decision.

Cardona, P.J., Spain, Mugglin and Lahtinen, JJ., concur. Ordered that the judgment is reversed, on the law, plea vacated and matter remitted to the County Court of Saratoga County for further proceedings not inconsistent with this Court's decision.