THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT FINLEY, Appellant. [839 NYS2d 393]—

Appeal from a judgment of the Orleans County Court (James P. Punch, J.), rendered November 7, 2005. The judgment convicted defendant, upon a jury verdict, of promoting prison contraband in the first degree and unlawful possession of marihuana.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of promoting prison contraband in the first degree (Penal Law § 205.25 [2]) and unlawful possession of marihuana (§ 221.05). The conviction arises from defendant's possession of marihuana in a correctional facility. According to the evidence presented at trial, a correction officer asked defendant for identification and, after reaching into his sweatshirt, defendant handed over the identification while throwing a wad of toilet paper on the ground. There were three cigarettes wrapped inside the toilet paper, one of which tested positive for marihuana.

Defendant contends that he was deprived of a fair trial and due process because County Court refused to suppress his oral statements to the correction officer despite the People's failure to serve a CPL 710.30 notice. That contention is not preserved for our review (see CPL 470.05 [2]; People v Robinson, 28 AD3d 1126, 1129 [2006], lv denied 7 NY3d 794 [2006]). In any event, even assuming, arguendo, that such a notice was required here, we conclude that the People's failure to serve the notice is harmless error, based on the statements at issue (see People v Hale, 286 AD2d 987, 988 [2001], lv denied 97 NY2d 656 [2001]; People v King, 284 AD2d 995 [2001]). The correction officer asked defendant "what's up with the toilet paper?" and defendant responded "[w]hat toilet paper?" When the correction officer looked inside the wad of paper, defendant stated, "[g]ive me a break, I'm leaving in a couple of days." At trial, defendant did not dispute the correction officer's version of the events or the fact that he possessed marihuana. Rather, his defense was that the marihuana was not dangerous contraband. Defendant further contends that he received ineffective assistance of counsel because defense counsel did not seek suppression of the statements. We reject that contention. The theory of the defense was

that the marihuana possessed by defendant did not constitute dangerous contraband, and defendant's statements concerned only the issue of possession (*see People v Reynoso*, 262 AD2d 102 [1999], *lv denied* 93 NY2d 1025 [1999]; *see generally People v Baldi*, 54 NY2d 137, 147 [1981]).

Defendant further contends that the evidence is legally insufficient to support the conviction of promoting prison contraband in the first degree. Penal Law § 205.25 (2) provides in relevant part that a person is guilty of that offense when, "[b]eing a person confined in a detention facility, he [or she] knowingly and unlawfully makes, obtains or possesses any dangerous contraband." As noted, defendant conceded at trial that he possessed contraband, but he disputed that the contraband was dangerous. " 'Dangerous contraband' means contraband which is capable of such use as may endanger the safety or security of a detention facility or any person therein" (§ 205.00 [4]). In *People v Stanley* (19 AD3d 1152, 1153 [2005], *lv denied* 5 NY3d 856 [2005]), in which we decided the appeals of five defendants, we concluded that the testimony of a captain at a correctional facility " 'address[ing] only broad penological concerns' " with respect to the presence of marihuana in correctional facilities was insufficient to establish that the marihuana possessed by the defendants was dangerous. We further concluded that "[s]pecific [evidence was] needed regarding how the particular marihuana that was possessed by each defendant endangered the safety of the facility" (*id.*; *see People v Martinez*, 34 AD3d 859 [2006]; *People v Brown*, 2 AD3d 1216, 1217-1218 [2003], *lv denied* 3 NY3d 637 [2004]). Here, as in *People v Salters* (30 AD3d 903, 905 [2006]), the requisite evidence was provided. A deputy inspector general for the Department of Corrections testified that defendant's possession of marihuana endangered the safety of the correctional facility because, by throwing the marihuana on the ground, defendant created a heightened risk that another inmate would attempt to grab the marihuana and that the correction officer would then have to chase after the other inmate. In addition, the correction officer had to turn his back and walk away from defendant in order to retrieve the marihuana that was thrown on the ground, thus creating a heightened risk of injury to the officer. Moreover, by focusing his attention on defendant and the marihuana, the officer was no longer able to supervise the inmates on his block. Also contrary to defendant's contention, the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]).

We reject the further contention of defendant that reversal is

required because he was not present during all material proceedings. Defendant's absence from a bench conference during voir dire when a prospective juror revealed his possible bias is of no moment because the prospective juror was excused based on the People's challenge for cause (*see People v Roman*, 88 NY2d 18, 28 [1996], *rearg denied* 88 NY2d 920 [1996]; *People v Thigpen*, 14 AD3d 518 [2005], *lv denied* 4 NY3d 891 [2005]; *People v Lucious*, 269 AD2d 766, 768 [2000]). "Disqualification of [the prospective juror] was a decision for the trial court to make after hearing argument, if any, by counsel, at which defendant could not have made any meaningful contribution" (*Roman*, 88 NY2d at 28). Defendant's absence from additional bench conferences at which the prosecutor and defense counsel exercised both challenges for cause and peremptory challenges also does not require reversal inasmuch as defendant "was present during voir dire and when the challenges were effectuated in open court" (*People v Mieles*, 254 AD2d 436, 436 [1998], *lv denied* 92 NY2d 1051 [1999]; *see People v Velasco*, 77 NY2d 469, 473 [1991]; *People v Dockery*, 253 AD2d 889 [1998], *lv denied* 92 NY2d 1031 [1998]).

Defendant failed to preserve for our review his challenge to the alleged inadequacy of the presentence report (*see People v Pomales*, 37 AD3d 1098 [2007]; *People v Diaz*, 26 AD3d 768 [2006]), and we decline to exercise our power to review that challenge as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). The sentence is not unduly harsh or severe. We have considered defendant's remaining contentions and conclude that they are without merit. Present—Scudder, P.J., Centra, Lunn, Fahey and Peradotto, JJ.