(July 12, 2007)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANGEL HERNANDEZ, Appellant. [839 NYS2d 592]—

Mercure, J.P. Appeal from a judgment of the County Court of Clinton County (Ryan, J.), rendered February 23, 2006, upon a verdict convicting defendant of the crime of promoting prison contraband in the first degree.

In May 2005, defendant, an inmate at Clinton Correctional Facility in Clinton County, was charged in an indictment with two counts of promoting prison contraband in the first degree and one count of criminal possession of marihuana in the fifth degree. The charges arose after three wrapped balls containing approximately 32 grams of marihuana were discovered on the floor next to defendant during an October 2003 frisk of multiple inmates, and a subsequent search of defendant's cell revealed an additional 10 grams of marihuana inside a shirt pocket on the back wall of the cell. Following the denial of defendant's motion to dismiss the indictment on the ground that his constitutional speedy trial rights were violated, a jury trial ensued. Defendant was convicted of one count of promoting prison contraband in the first degree, based upon his knowing and unlawful possession of the 10 grams of marihuana found in his cell. He was acquitted of count one of the indictment, which charged him with promoting prison contraband in the first degree based upon his possession of the 32 grams of marihuana found in the hallway, and count two, which charged him with criminal possession of marihuana in the fifth degree based upon possession of 42 grams of marihuana—the total amount found in the hallway and his cell. He was sentenced, as a second felony offender, to 3 to 6 years in prison, to run consecutively to his original sentence. Defendant now appeals, arguing that County Court erred in denying his request that the lesser included offense of promoting prison contraband in the second degree be submitted to the jury. We agree and, therefore, now reverse.

Pursuant to CPL 300.50 (2), if the trial court is authorized to submit a lesser included offense, it must do so upon the request of either party. A lesser included offense is authorized when (1) "it is impossible to commit the greater crime without concomitantly committing the lesser offense by the same conduct" and (2) "there [is] a reasonable view of the evidence to support a finding that the defendant committed the lesser offense but not the greater" (*People v Van Norstrand*, 85 NY2d 131, 135 [1995]; *see People v Barney*, 99 NY2d 367, 371 [2003]; *People v Henderson*, 41 NY2d 233, 235 [1976]). Here, there is no dispute that the first prong of the test is met; the parties' disagreement centers on whether there is a reasonable view of the evidence that would have permitted the jury to acquit defendant of promoting prison contraband in the first degree while finding him guilty of promoting prison contraband in the second degree.

In determining whether a defendant has established entitlement to a lesser included charge under the second prong of the test, we must view the evidence in the light most favorable to

the defendant (*see People v Devonish*, 6 NY3d 727, 728 [2005]; *People v Henderson, supra* at 236; *People v Caruso*, 6 AD3d 980, 983 [2004], *lv denied* 3 NY3d 704 [2004]).[1] Moreover, the trial "court's appraisal of the persuasiveness of the evidence indicating guilt of the higher count is irrelevant"; rather, "[t]o warrant a refusal to submit [a lesser included offense] 'every possible hypothesis' but guilt of the higher crime must be excluded" (*People v Henderson, supra* at 236, quoting *People v Shuman*, 37 NY2d 302, 304 [1975]; *see People v Van Norstrand, supra* at 136; *People v Caruso, supra* at 983; *People v Hartman*, 4 AD3d 22, 26-27 [2004]). Nevertheless, a lesser included charge is not required in every case. For example, while a jury remains free to reject any portion of the prosecution's evidence, "where proof of guilt of the greater and lesser offenses is found essentially in the testimony of one witness, a charge-down to the lesser offense is [not] appropriate where . . . no identifiable record basis exists upon which the jury might reasonably differentiate between segments of a witness' testimony" (*People v Negron*, 91 NY2d 788, 792 [1998]; *see People v Scarborough*, 49 NY2d 364, 371-373 [1980]). The rationale underlying this rule is that when a "single witness' testimony essential to support a verdict of guilt of the lesser offense [is] substantially identical to the testimony establishing guilt of the greater crime," a lesser included charge would "serve [only] 'to countenance [the] selective dissection of the *integrated* testimony of a single witness as to whom credibility, or incredibility, *could only be a constant factor*' " (*People v Negron, supra* at 792-793, quoting *People v Scarborough, supra* at 373).

Turning to the lesser included charge requested herein, we note that the sole distinction between promoting prison contraband in the first and second degrees is that the lesser offense requires only that the inmate knowingly and unlawfully possessed "any contraband" (Penal Law § 205.20 [2]), whereas the greater offense requires, in addition, proof that the contraband was "dangerous" (Penal Law § 205.25 [2]).[2] This Court has held that dangerousness within the meaning of the statute is inherent in the very nature of certain items, particularly weapons (*see People v Salters*, 30 AD3d 903, 904

---

1. In this respect, a charge-down analysis is to be distinguished from a legal sufficiency analysis, in which we must view the evidence in the light most favorable to the People (*see e.g. People v Santi*, 3 NY3d 234, 246 [2004]).

2. "Dangerous contraband" is defined as "contraband which is capable of such use as may endanger the safety or security of a detention facility or any person therein" (Penal Law § 205.00 [4]), while "[c]ontraband" is anything "which a person confined in a detention facility is prohibited from obtaining or possessing by statute, rule, regulation or order" (Penal Law § 205.00 [3]).

[2006]; *People v Brown*, 2 AD3d 1216, 1217-1218 [2003], *lv denied* 3 NY3d 637 [2004]; *see also People v Stanley*, 19 AD3d 1152, 1153 [2005], *lv denied* 5 NY3d 856 [2005]). Thus, a charge-down to promoting prison contraband in the second degree is not warranted when the defendant is charged with possessing a weapon; under such circumstances, there can be no reasonable view of the evidence supporting a finding that defendant possessed contraband but not dangerous contraband (*see e.g. People v Carralero*, 9 AD3d 790, 791 [2004], *lv denied* 4 NY3d 742 [2004]; *People v Downey*, 256 AD2d 810, 810 [1998], *lv denied* 93 NY2d 969 [1999]; *People v Jones*, 185 AD2d 470, 471 [1992], *lv denied* 80 NY2d 975 [1992]; *People v Hammond*, 132 AD2d 849, 850 [1987], *lv denied* 70 NY2d 875 [1987]; *People v Bryant*, 115 AD2d 908, 909 [1985], *lv denied* 67 NY2d 881 [1986]).

With respect to marihuana, however, we have held that "the danger posed to a facility from 'a very small amount of marihuana' is not as apparent as it is with weapons and, thus, requires 'competent and specific proof' of the danger posed to the security and safety of the particular facility" (*People v Salters, supra* at 904, quoting *People v Brown, supra* at 1217-1218; *see People v Martinez*, 34 AD3d 859, 859 [2006]; *see also People v Stanley, supra* at 1153; *cf. People v McCrae*, 297 AD2d 878, 878 [2002], *lv denied* 1 NY3d 576 [2003]). Evidence of "general concerns about the marihuana that are not addressed to the specific facts of the particular situation" will not be sufficient (*People v Brown, supra* at 1218). Particularly relevant here, in a case involving attempted promoting prison contraband in the first degree based upon an attempt to possess 9.3 grams of marihuana—an amount that is very close to the 10 grams of marihuana underlying defendant's conviction—we required "facility-specific proof . . . that defendant's attempt to possess marihuana at [that] facility 'endanger[ed] the safety or security of [the] . . . facility or any person therein' " (*People v Salters, supra* at 905 [citation omitted]).

Pursuant to *Salters*, then, we conclude that " 'competent and specific proof' of the danger posed to the security and safety of" Clinton Correctional Facility was required to establish dangerousness and elevate the crime in this case to promoting prison contraband in the first degree (*id.* at 904). Furthermore, we note that the proof offered to establish dangerousness is found in the testimony of two witnesses, Correction Officer William Bisso and Sergeant Anthony Pavone—the same two witnesses whose testimony was offered to establish that marihuana constitutes "contraband," the critical element of the lesser offense,

promoting prison contraband in the second degree. That is, "proof of guilt of the greater and lesser offenses is found essentially in the testimony of [the same] witness[es]" (*People v Negron, supra* at 792). Therefore, "a charge-down to the lesser offense" was required only if it would have been "reasonable for the jury to reject a portion or segment of the witness[es]' testimony establishing the greater offense, while crediting that portion of the testimony establishing the lesser crime" (*id.*). We agree with defendant that it would have been reasonable for the jury to reject that portion of the testimony relating to dangerousness here.

A review of the record reveals that the testimony of Bisso and Pavone on contraband is separate from their testimony regarding dangerousness, and that Bisso's statements regarding whether marihuana constitutes contraband are grounded in the facility rule book given to inmates. In contrast, the testimony on dangerousness was subjective, at times ambiguous and contradictory, often in the form of speculation or generalities, and failed to distinguish between the 10 grams of marihuana found in defendant's cell and the 32 grams found in the hallway that defendant was acquitted of possessing. For example, while Bisso—who had 18 years of experience as a correction officer—specifically testified that "even a quarter-ounce which is [seven] grams . . . of marihuana" had led to fights within the facility because that amount could be sold at an expensive price therein, he also equated the dangerousness of marihuana to that of "[a]ny item of contraband," and "some type of substance, an illegal substance." Further, his explanation of the danger often involved only broad concerns, such as claims that the danger was due primarily to the presence of convicted felons in the prison, and while he deemed the 32 grams of marihuana found in the hallway to be a large quantity, he did not address the 10 grams found in the cell. Similarly, Pavone provided only general testimony that marihuana was dangerous simply because it alters inmate behavior, causes violence sometimes and creates extremely dangerous situations between groups of inmates.

While the foregoing proof—in particular Bisso's testimony detailing the facility-specific problems caused by as little as seven grams of marihuana—constituted legally sufficient evidence that marihuana constitutes "dangerous contraband" within the meaning of the statute (*see People v Salters*, 30 AD3d 903, 905 [2006], *supra; cf. People v Brown*, 2 AD3d 1216, 1217-1218 [2003], *supra*), viewing the evidence in the light most favorable to defendant, there was a reasonable basis for the jury to differentiate between that portion of the testimony establish-

ing that marihuana is contraband and that segment that was addressed to dangerousness. Accordingly, because a rational factfinder could have concluded on this record that defendant committed the lesser offense but not the greater if the lesser included charge had been given, we are constrained to reverse and remit for a new trial to be conducted on count three of the indictment (*see People v Caruso*, 6 AD3d 980, 984 [2004], *supra*; *People v Hartman*, 4 AD3d 22, 27-28 [2004], *supra*).

Although defendant's remaining contentions are largely either patently meritless or rendered academic in light of our remittal for a new trial, two of his contentions warrant further discussion. First, he asserts that his constitutional right to a speedy trial was violated by a 14-month delay in the commencement of the prosecution. Balancing the factors set forth in *People v Taranovich* (37 NY2d 442, 445 [1975]), however, we conclude that the delay herein did not deprive defendant of his due process rights. In this regard, we note that we have upheld similar delays, the nature of the underlying charge involved the safety and security of a correctional facility, and defendant's freedom was not curtailed inasmuch as he was already incarcerated for another crime (*see People v Coggins*, 308 AD2d 635, 635-636 [2003]; *see also People v Richardson*, 298 AD2d 711, 712 [2002]; *People v Diaz*, 277 AD2d 723, 724-725 [2000], *lv denied* 96 NY2d 758 [2001]). We similarly reject defendant's argument that he was deprived of his right to testify when the charges were presented to a second grand jury, which voted on the superseding indictment at issue in this case. Although the People provided reasonable notice to defendant's counsel, defendant failed to timely notify the prosecution in writing of his intention to appear before the grand jury in connection with the superseding indictment (*see* CPL 190.50 [5] [a]; *People v Ballard*, 13 AD3d 670, 671 [2004], *lv denied* 4 NY3d 796 [2005]).

Peters, Spain, Rose and Lahtinen, JJ., concur. Ordered that the judgment is reversed, on the law, and matter remitted to the County Court of Clinton County for a new trial on count three of the indictment.