■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v JOHN W. COLE, Respondent. [842 NYS2d 636]—

Appeal from an order of the Livingston County Court (Dennis S. Cohen, J.), dated December 22, 2006. The order reduced the first count of the indictment from promoting prison contraband in the first degree to promoting prison contraband in the second degree.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed.

Memorandum: The People appeal from an order that, upon that part of defendant's omnibus motion seeking to dismiss the indictment for legal insufficiency of the evidence before the grand jury, reduced the first count of the indictment from promoting prison contraband in the first degree (Penal Law § 205.25 [2]) to promoting prison contraband in the second degree (§ 205.20 [2]). Promoting prison contraband in the first degree involves "dangerous contraband" (§ 205.25 [2]), and we agree with County Court that the evidence before the grand jury is legally insufficient to establish that the small quantity of marihuana possessed by defendant was dangerous contraband. That term is defined in Penal Law § 205.00 (4) as "contraband which is capable of such use as may endanger the safety or security of a detention facility or any person therein," and "[s]pecific proof is needed regarding how the particular marihuana that was possessed by . . . defendant endangered the safety of the facility" (*People v Stanley*, 19 AD3d 1152, 1153 [2005], *lv denied* 5 NY3d 856 [2005]; *see People v Brown*, 2 AD3d 1216, 1217 [2003], *lv denied* 3 NY3d 637 [2004]). There is no such proof in this case (*see Stanley*, 19 AD3d at 1153; *Brown*, 2 AD3d at 1217; *see also People v Martinez*, 34 AD3d 859 [2006]; *cf. People v Salters*, 30 AD3d 903, 904-905 [2006]), and thus we conclude that the count was properly reduced (*see Stanley*, 19 AD3d at 1153). Present—Hurlbutt, J.P., Gorski, Lunn, Fahey and Peradotto, JJ.