OPINION OF THE COURT
Joseph E. Fahey, J.
*952 The defendant, Donte Haynes, is charged in indictment No. 2008-0006-1 with one count of promoting prison contraband in the first degree in violation of section 205.25 (2) of the Penal Law, and criminal possession of a controlled substance in the seventh degree in violation of section 220.03 of the Penal Law, and was arraigned in this court on January 28, 2008, at which time a plea of not guilty was entered to all charges.
On March 11, 2008, defense counsel served and filed an omnibus motion pursuant to article 255 of the Criminal Procedure Law requesting that the court inspect the grand jury minutes pursuant to section 210.20 (1) (b) and section 210.30 of the Criminal Procedure Law.
On March 24, 2008, the court reviewed the grand jury minutes submitted by the People in camera.
The grand jury minutes revealed that on or about November 30, 2007, the defendant was being processed for admission into the Onondaga County Justice Center located in Syracuse, New York, after having been charged with criminal mischief in the fourth degree in violation of section 145.00 of the Penal Law.[1] Testimony before the grand jury disclosed that the defendant was being strip searched as part of the booking process when a deputy in the booking section of the Justice Center observed a plastic bag containing cocaine in the defendant’s buttocks area. Upon making this observation, the defendant removed the bag, handed it to the deputy and informed him that the substance was, in fact, cocaine. The substance was secured in an evidence locker and later tested positive for the presence of cocaine. Thereafter, the defendant was charged with promoting prison contraband in the first degree as charged in count one of the indictment.
In order for the defendant to be convicted of this offense, the People would be required to prove that on the aforementioned date and time, the defendant possessed dangerous contraband, that the defendant did so knowingly and unlawfully, and that the defendant was a person confined in a detention facility.[2]
The law is unsettled concerning whether or not a small amount of a controlled substance constitutes dangerous contraband within the meaning of section 205.25 (2) of the Penal Law. The Appellate Division of the Third Department has *953 repeatedly held that a small amount of a controlled substance does not constitute dangerous prison contraband within the meaning of this section (see People v Martinez, 34 AD3d 859 [2006] ; People v Brown, 2 AD3d 1216 [2003]), while the Appellate Division of the Fourth Department has repeatedly held that it does constitute dangerous prison contraband (see People v Watson, 162 AD2d 1015 [1990]; People v Finley, 42 AD3d 917 [2007] ).
Notwithstanding the dispute between the two Departments concerning the first element of this offense, this court, upon review of the grand jury minutes, feels that the evidence is legally insufficient to support the third element of the offense charged, that the defendant was a person confined in a detention facility. The evidence before the grand jury was that the defendant was in the process of being admitted to the facility at the time the controlled substance was discovered and that upon the booking officer’s observation, the defendant retrieved the substance and turned it over to the deputy. Since the defendant had not completed the admission process and had not been admitted to a housing unit within the facility, the court finds that the testimony before the grand jury requiring that the defendant be a person confined to a detention facility is legally insufficient.
The court further finds that given the unique circumstances surrounding this particular case, the defendant would have been required to surrender his right against self-incrimination guaranteed by the Fifth Amendment of the United States Constitution were he to have either alerted the deputy to the existence of the controlled substance or surrendered the controlled substance to the deputy prior to it being observed.
The court, therefore, finds that the evidence in support of count one of the indictment is insufficient and a reduction to a count of promoting prison contraband in the second degree in violation of section 205.20 of the Penal Law is also not warranted under the facts presented.
Accordingly, count one of the indictment is dismissed.

. While the grand jury minutes were silent on the nature of the defendant’s underlying arrest, this information was supplied by defense counsel at oral argument on March 25, 2008.

. See CJI2d(NY) Penal Law § 205.25 (2).