People v Harmon (2019 NY Slip Op 04761)





People v Harmon


2019 NY Slip Op 04761


Decided on June 13, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 13, 2019

Friedman, J.P., Richter, Tom, Gesmer, Moulton, JJ.


9604 1078/16

[*1]The People of the State of New York, Respondent,
v
Maurice Harmon, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Benjamin Wiener of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Eric Del Pozo of counsel), for respondent.



Judgment, Supreme Court, New York County (Arlene D. Goldberg, J.), rendered December 21, 2016, convicting defendant, after a jury trial, of criminal possession of a controlled substance in the third degree and promoting prison contraband in the first degree, and sentencing him, as a second felony drug offender, to an aggregate term of four to six years, unanimously affirmed.
We reject defendant's challenges to the sufficiency and weight of the evidence supporting the "dangerous contraband" (Penal Law § 205.00[4]) element of first-degree promoting prison contraband (see People v Danielson, 9 NY3d 342, 348-349 [2007]). We also find that defendant was not entitled to submission of second-degree promoting prison contraband, because there was no reasonable view of the evidence, viewed most favorably to defendant, that the 35 bags of heroin he possessed in a detention facility was nondangerous contraband (see People v Glover, 57 NY2d 61, 64 [1982]).
"[T]he test for determining whether an item is dangerous contraband is whether its particular characteristics are such that there is a substantial probability that the item will be used in a manner that is likely to cause death or other serious injury, to facilitate an escape, or to bring about other major threats to a detention facility's institutional safety or security" (People v Finley, 10 NY3d 647, 657 [2008]). In Finley,
the Court of Appeals concluded that small amounts of marijuana did not qualify as dangerous contraband, but in explaining the test for dangerousness, it cited a Practice Commentary stating that heroin has been found to qualify as such (id.). Courts have found heroin to be dangerous contraband both before Finley (People v Watson, 162 AD2d 1015, 1015 [4th Dept 1990], appeal dismissed 77 NY2d 857 [1991]) and afterwards (People v Verley, 121 AD3d 1300, 1301 [3d Dept 2014], lv denied 24 NY3d 1221 [2015]), at least under particular fact patterns.
Furthermore, in this case there was specific testimony that heroin can easily cause an overdose. Moreover, defendant possessed 35 bags, which is consistent with distribution rather than with personal use. Under Finley's "substantial probability" test, there was no requirement of proof that defendant or another inmate actually used or intended to use enough heroin to cause death or serious injury. We find it unnecessary to address whether possession of a very small amount of heroin would establish dangerous contraband, or create a jury issue requiring submission of the lesser offense.
Defendant's ineffective assistance of counsel claims are unreviewable on direct appeal because they involve matters not reflected in, or fully explained by, the record (see People v Rivera, 71 NY2d 705, 709 [1988]; People v Love, 57 NY2d 998 [1982]). Without expansion of the record, counsel's remarks to the court do not establish the objective unreasonableness of his performance, or any prejudice. Accordingly, since defendant has not made a CPL 440.10 motion, the merits of the ineffectiveness claims may not be addressed on appeal. In the alternative, to the extent the existing record permits review, we find that defendant received [*2]effective assistance under the state and federal standards (see People v Benevento, 91 NY2d 708, 713-714 [1998]; Strickland v Washington, 466 US 668 [1984]). Defendant has not shown that any of counsel's alleged deficiencies fell below an objective standard of reasonableness, or that, viewed individually or collectively, they deprived defendant of a fair trial or affected the outcome of the case.
We perceive no basis for reducing the sentence.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 13, 2019
CLERK