OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed.
A warrant was issued authorizing a search of defendant’s apartment, of the person of defendant and of any other person found inside the apartment. When two police officers arrived at the apartment to execute the warrant, defendant was pulling into the driveway in his car. Defendant was searched in the driveway, and a small quantity of cocaine was found on his person. The officers then searched defendant’s apartment and recovered a greater amount of cocaine along with a handgun.
Defendant contends that the portion of the warrant authorizing search of defendant’s person was limited to a search inside the apartment and that the search of his person in the driveway was invalid under our decision in People v Green (33 NY2d 496). The provision allowing a search of defendant’s person should be interpreted as authorizing a personal search. In Green, the focus of the warrant application was on the presence of drugs in an apartment; the tie to defendant was only his occupancy of the apartment and thus of possible constructive possession of drugs and no other evidence was offered of drug activity on his part. Here the evidence was that defendant had sold *577 drugs; the apartment was identified only as the locus of the sales. The activities of defendant being the predicate for issuance of the warrant, the warrant should be interpreted as authorizing a personal search of defendant at least as he approached the apartment. Defendant was therefore properly searched in the driveway.
On the same analysis we reject defendant’s argument that the evidence submitted to the issuing magistrate did not establish probable cause for the issuance of a warrant authorizing the search of defendant’s person.
We have considered the defendant’s other contentions and find them to be without merit.
Chief Judge Cooke and Judges Jasen, Jones, Wachtler and Meyer concur; Judge Simons taking no part.
On review of submissions pursuant to rule 500.2 (b) of the Rules of the Court of Appeals (22 NYCRR 500.2 [g]), order affirmed in a memorandum.