■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES M. CLARK, Appellant.—Weiss, J. Appeal from a judgment of the County Court of Broome County (Monserrate, J.), rendered October 7, 1983, upon a verdict convicting defendant of the crimes of arson in the second degree and burglary in the second degree.

During the evening of December 24 and the early morning hours of December 25, 1982, fires of suspicious origin occurred

first on Fayette Street and then at 14 Wales Avenue in the City of Binghamton. A policeman became suspicious upon observing defendant walking in a hurried manner away from the vicinity of 14 Wales Avenue during the fire. He was stopped and, when questioned, offered inconsistent explanations. When asked about the Wales Avenue fire, he stated, "I didn't go into that house, and I didn't set any fires", whereupon he consented to go to the police station for further questioning. His professed intoxication from beer and the consumption of marihuana and LSD was unsubstantiated. Defendant eventually made an inculpatory statement and was taken to 14 Wales Avenue, where he confirmed his entry into the house. He was indicted, tried and convicted of arson in the second degree and burglary in the second degree. On this appeal, his principal argument is that he was denied a fair trial because of ineffective assistance of counsel.

Of the 10 instances asserted to prove ineffective representation by counsel, most may be summarily dismissed. The District Attorney had an open file policy obviating the need for a discovery motion for *Brady/Rosario* materials. A *Sandoval* motion was unnecessary because an agreement had been negotiated prohibiting proof of certain prior bad acts. The record shows that counsel did conduct voir dire of the prospective jurors and presented a meaningful summation. Similarly, the record shows that defendant's initial counsel, the Public Defender, made preliminary motions including one to suppress, and that he participated in a lengthy *Huntley* hearing. The trial court received an offer of proof outside the presence of the jury concerning defendant's possible connection with the Fayette Street fire and, pursuant to *People v Ventimiglia* (52 NY2d 350, 356), testimony was limited to the Wales Avenue fire. When Officer John Butler referred to the Fayette Street fire, defense counsel's objection was sustained and the jury was instructed to disregard the statement. Finally, no prejudice resulted from counsel's failure to appear at sentencing. The substitute sent presented a plea for help for defendant's problem. The trial court exhibited both knowledge of and concern for defendant because he had been before the court previously. Having decided that defendant had become a substantial danger to himself and others, the sentence imposed by the court cannot be found unfair.

Defendant contends that a request for a mistrial should have been made when a prosecution witness mentioned the Fayette Street fire. We disagree. It was part of defense strategy to show the same individual set both the Fayette Street

and Wales Avenue fires and that since defendant was not involved in the earlier one, he could not be charged with setting the latter. It cannot be said that counsel acted improperly in failing to move for a mistrial or by eliciting prejudicial facts. The trial strategy utilized was plausible *(see, People v Sanin,* 84 AD2d 681, *affd* 60 NY2d 575).

The failure to request submission of a lesser included charge to the jury precludes appellate review (CPL 470.05 [2]), unless such failure deprived defendant of a fair trial (CPL 470.15 [6] [a]; *see also,* CPL 300.50 [2]). It has not been demonstrated that the omission was other than part of defense strategy to rely upon the insufficiency of the evidence to prove all of the elements of the crime charged, and to pursue an "all or nothing" approach to the jury.

In sum, we fail to find that "the professional assistance provided to defendant violated any of the standards of performance required by an attorney defending a criminal case" *(People v Hatch,* 105 AD2d 549, 551; *see also, Strickland v Washington,* 466 US 668, 104 S Ct 2052), nor that counsel failed to provide reasonably competent assistance *(People v Morris,* 64 NY2d 803; *People v Baldi,* 54 NY2d 137).

Judgment affirmed. Mahoney, P. J., Kane, Casey and Weiss, JJ., concur.