■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NATHAN BATTLE, Appellant. [638 NYS2d 517] —Mercure, J. P. Appeal from a judgment of the County Court of Chemung County (Castellino, J.), rendered September 15, 1994, upon a verdict convicting defendant of the crime of promoting prison contraband in the first degree.

Defendant, an inmate at a State correctional facility, was indicted for attempted assault in the second degree and promoting prison contraband in the first degree as the result of a January 31, 1994 incident when, during the course of a melee that erupted in a mess hall, defendant was observed striking another inmate in the face with a metal post. At the conclusion of the trial, County Court dismissed the attempted assault charge. The remaining charge went to the jury, which found defendant guilty. Sentenced as a second felony offender to a 3- to 6-year prison term, defendant now appeals.

We affirm. We are not persuaded by defendant's primary contention, that he was denied the effective assistance of counsel. To the contrary, the record establishes that defendant's counsel engaged in pretrial and posttrial motion practice, was prepared for trial, gave appropriate and effective opening and closing statements, moved to preclude introduc-

tion of evidence lacking in foundation, competently examined and cross-examined witnesses and raised appropriate objections (*see, People v Parker*, 220 AD2d 815, 816-817; *People v Beaudoin*, 198 AD2d 610, 612, *lv denied* 82 NY2d 922; *People v Garcia*, 194 AD2d 1011, 1013, *lv denied* 82 NY2d 895). Notably, in his litany of perceived errors, particularly in connection with counsel's lack of success in advancing the defense of misidentification, defendant fails to recognize that his actions were personally observed by two correction officers, one of whom subdued defendant while he was still holding the metal post which formed the basis for the charge of promoting prison contraband.

Defendant's next point on appeal is that the People failed to lay an adequate foundation for admission of the weapon that defendant possessed at the time of his offense. We disagree. Correction Officer Donald Snyder testified that he retrieved the weapon from the mess hall floor, secured it temporarily in a locked fire box and, upon retrieving it, inscribed defendant's name and inmate identification number on it. At trial, Snyder and two other correction officers identified the metal post as the weapon possessed by defendant and used to strike the other inmate. Under the circumstances, we believe that the People amply demonstrated the requisite " 'reasonable assurances' " of the identity of the weapon and its unchanged condition (*People v Julian*, 41 NY2d 340, 343; *People v Early*, 191 AD2d 807, 809, *lv denied* 82 NY2d 894; *People v Del Valle*, 149 AD2d 610, 611, *lv denied* 74 NY2d 738).

Defendant's remaining contentions have been considered and found to be either unpreserved for our review or lacking in merit.

Crew III, Yesawich Jr. and Peters, JJ., concur. Ordered that the judgment is affirmed.