THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FLORENCE GUARINO, Appellant. [748 NYS2d 99] —Appeal from a judgment of Supreme Court, Erie County (Rossetti, J.), entered

September 10, 1999, convicting defendant after a jury trial of arson in the third degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting her after a jury trial of arson in the third degree (Penal Law § 150.10 [1]) in connection with a fire at her residence. Supreme Court erred in denying defendant's request for a missing witness charge based on the People's failure to call her husband as a witness. Defendant established that her husband "could be expected to have knowledge regarding a material issue in the case and to provide testimony favorable to the [People]," and the People then failed to meet their burden of establishing " 'that the charge would not be appropriate' " (*People v Macana*, 84 NY2d 173, 177). We conclude, however, that the error is harmless. The circumstantial evidence of defendant's guilt is overwhelming, and there is no significant probability that defendant would have been acquitted but for the error (*see People v Crimmins*, 36 NY2d 230, 241-242; *see e.g. People v Surdis*, 275 AD2d 553, 555-556, *lv denied* 95 NY2d 908). We further reject the contention of defendant that she was denied effective assistance of counsel based on the failure of defense counsel to request a charge to the lesser included offense of arson in the fourth degree (§ 150.05 [1]). Defendant has not demonstrated that the failure to request that charge was other than an acceptable "all-or-nothing" defense strategy (*see People v Lane*, 60 NY2d 748, 750; *People v Clark*, 115 AD2d 860, 862, *lv denied* 67 NY2d 941). The conviction is supported by legally sufficient evidence and the verdict is not against the weight of the evidence (*see People v Bleakley*, 69 NY2d 490, 495). Finally, the sentence is neither unduly harsh nor severe. Present—Pine, J.P., Wisner, Hurlbutt, Scudder and Burns, JJ.