■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JULIO CAMERENA, Appellant. [839 NYS2d 635]—

Rose, J. Appeal from a judgment of the County Court of St. Lawrence County (Richards, J.), rendered June 14, 2006, upon a

verdict convicting defendant of the crime of promoting prison contraband in the first degree.

Defendant appeals a jury verdict convicting him of promoting prison contraband in the first degree based upon his possession of a sharpened metal rod. Initially, we note that defendant preserved his argument that the evidence was legally insufficient by his unsuccessful motion for dismissal at the close of the People's proof (*see People v Soto*, 8 AD3d 683, 684 [2004], *lv denied* 3 NY3d 712 [2004]). To convict defendant, the People were required to prove that he was an inmate in possession of dangerous contraband such as a "weapon[ ] or item[ ] sharpened or altered for such use" (*People v Salters*, 30 AD3d 903, 904 [2006]; *see* Penal Law § 205.25 [2]). To that end, a correction officer testified that he saw defendant attempt to conceal something and, while defendant was being frisked by a second officer, a sharpened, 6½-inch metal rod fell from beneath defendant's clothing. Once the rod fell to the floor, defendant attempted to cover it with his foot. This testimony supports the reasonable inference that defendant possessed the rod and provided a valid line of reasoning by which the jury could find that he committed the crime charged (*see People v Bleakley*, 69 NY2d 490, 495 [1987]; *People v Johnson*, 24 AD3d 803, 804 [2005]). Further, we do not find the verdict to be against the weight of the evidence after independently reviewing the evidence in a neutral light and according deference to the jury's credibility determinations (*see People v Val*, 38 AD3d 928, 929-930 [2007]; *People v Almarez*, 2 AD3d 1151, 1152 [2003], *lv denied* 2 NY3d 761 [2004]).

Nor are we persuaded that defendant was deprived of the effective assistance of counsel. In our view, trial counsel capably challenged the testimony of the People's witnesses by bringing out inconsistencies and exploring their potential biases. Counsel also pursued a reasonable strategy in having defendant testify in order to offer an alternate version of the incident and by raising a defense of misidentification (*see e.g. People v Battle*, 224 AD2d 871, 871-872 [1996], *lv denied* 88 NY2d 933 [1996]). Also, most, if not all, of the objections that defendant suggests his counsel should have made would have had no legitimate basis (*see People v Gallup*, 302 AD2d 681, 683 [2003], *lv denied* 100 NY2d 594 [2003]; *People v Battle, supra* at 872) and would have been irrelevant or inconsequential (*see e.g. People v Singh*, 16 AD3d 974, 977 [2005], *lv denied* 5 NY3d 769 [2005]; *People v Leary*, 145 AD2d 732, 734-735 [1988], *lv denied* 73 NY2d 1017 [1989]).

We have considered defendant's remaining challenge to the

qualifications and oath of the Spanish/English interpreter employed at trial and find it to be both unpreserved and without merit.

Cardona, P.J., Crew III, Mugglin and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.