■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARIA M. MACHUCA, Appellant. [845 NYS2d 201]—

Peters, J. Appeal from a judgment of the County Court of Clinton County (Ryan, J.), rendered March 1, 2006, upon a verdict convicting defendant of the crimes of promoting prison contraband in the first degree and criminal possession of a controlled substance in the seventh degree (three counts).

In 2004, defendant traveled to the Clinton Correctional Facility in Clinton County to visit an inmate. The bag she brought with her to the facility was intended to be stored in a locker which was available to visitors. Upon entering the facility, but prior to placing her belongings in a locker, her bag was searched, revealing 0.6 grams of crack cocaine in a white plastic film case, one whole and one broken methadone pill, residue of cocaine on the inside of a black plastic film case and residue of heroin on a $5 bill. Defendant admitted that the drugs were hers and claimed that they were for her personal use and that she had intended to store them in the locker; she denied attempting to introduce the drugs into the prison population.

Defendant was indicted for promoting prison contraband in the first degree and for three counts of criminal possession of a controlled substance in the seventh degree. Upon her conviction of all counts after a jury trial, she appeals by challenging both the legal sufficiency and the weight of the evidence. She asserts that she did not intend to introduce contraband into the facility,

that the quantity of drugs were too minimal to constitute dangerous contraband and, with the drugs confiscated at the locker area, she never actually brought them into the detention facility.

Promoting prison contraband in the first degree occurs when a person "knowingly and unlawfully introduces any dangerous contraband into a detention facility" (Penal Law § 205.25 [1]). Dangerous contraband is any contraband "capable of such use as may endanger the safety or security of a detention facility or any person therein" (Penal Law § 205.00 [4]). Although certain types of contraband, such as weapons, are inherently dangerous, possession of small amounts of drugs must be accompanied by proof of the danger posed to that particular correctional facility (see People v Martinez, 34 AD3d 859, 859-860 [2006]; People v Salters, 30 AD3d 903, 904 [2006], lv granted 9 NY3d 881 [2007]); "broad penological concerns" or "speculative and conclusory testimony" will not suffice (People v Brown, 2 AD3d 1216, 1217, 1218 [2003], lvs denied 3 NY3d 637 [2004]).

Here, it was established that the Clinton Correctional Facility is a maximum A-level security prison, the highest level of secured correctional facilities. Testimony from a Department of Correctional Services employee stationed at this facility detailed, in general terms, how drugs pose a danger in prisons and how they particularly pose a danger in this facility by leading to gang violence, which jeopardizes the safety of staff and inmates. Such evidence supported a finding that the drugs possessed by defendant constituted dangerous contraband (see People v Rivera, 221 AD2d 380, 380 [1995], lv denied 87 NY2d 977 [1996]; People v Watson, 162 AD2d 1015, 1015 [1990], lv dismissed 77 NY2d 857 [1991]).

As to defendant's assertion that the evidence failed to establish that she knowingly and unlawfully introduced contraband into the facility, both the regulation (see 7 NYCRR 200.3 [b] [3]) and signs posted outside of the entrance to this facility clearly state that contraband is prohibited. Defendant admitted that, having previously served a prison sentence after her conviction for possession of drugs, she was fully aware of this prohibition and that these drugs were considered to be contraband in a prison setting.

Reviewing and rejecting defendant's additional ascriptions of error as without merit, we affirm.

Crew III, J.P., Spain, Lahtinen and Kane, JJ., concur. Ordered that the judgment is affirmed.