■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EUGENE SIDNEY, Appellant. [861 NYS2d 490]—

Mercure, J. Appeal from a judgment of the County Court of Chemung County (Hayden, J.), rendered May 11, 2007, upon a verdict convicting defendant of the crime of promoting prison contraband in the first degree.

Defendant, an inmate at the Elmira Correctional Facility in Chemung County, was charged with promoting prison contraband in the first degree after he was found to be in possession of a weapon. Following a jury trial, defendant was convicted as charged and thereafter sentenced, as a second felony offender, to 3½ to 7 years in prison, to run consecutively to the sentence that he is currently serving. Defendant appeals, asserting that his conviction is not supported by legally sufficient evidence. We disagree.

A defendant confined in a detention facility is guilty of promoting prison contraband in the first degree when he or she "knowingly and unlawfully makes, obtains or possesses any dangerous contraband" (Penal Law § 205.25 [2]). Dangerous contraband is defined as "contraband which is capable of such use as may endanger the safety or security of a detention facility or any person therein" (Penal Law § 205.00 [4]). Here, correction officers testified at trial that they reported to defendant's cell block after receiving information that defendant was in possession of a weapon. They found defendant mopping the hallway outside his cell and, when they directed him to stop mopping and approach them, defendant did not immediately comply, but moved nervously towards his cell and away from the officers instead. After the officers repeatedly ordered defendant to stop moving and take a pat frisk position, defendant complied. The officers then searched defendant and found a weapon in his pants pocket—specifically, a sharp metal can lid with a jagged edge that had been folded and wrapped with plastic and cloth at one end to form a handle.

The officers described the weapon as a dangerous, "slashing" weapon, capable of tearing or ripping skin. While defendant denied that the officers took the weapon from him, as they testified, he conceded that the item in question is a weapon prohibited by a departmental rulebook that he received and understood. Viewing this evidence in a light most favorable to the People, we conclude that it provided a valid line of reasoning and permissible inferences to support the jury's verdict and establish, beyond a reasonable doubt, that defendant knowingly and unlawfully possessed dangerous contraband (*see People v Finley*, 10 NY3d 647, 656-657 [2008]; *People v Camerena*, 42 AD3d 814, 815 [2007], *lv denied* 9 NY3d 921 [2007]; *People v Carralero*, 9 AD3d 790, 791 [2004], *lv denied* 4 NY3d 742 [2004]; *People v Rosario*, 262 AD2d 802, 803 [1999], *lv denied* 93 NY2d 1026 [1999]; *see also People v Machuca*, 45 AD3d 1043, 1044 [2007], *lv denied* 10 NY3d 813 [2008]; *People v Hernandez*, 42 AD3d 657, 659-660 [2007]).

Cardona, P.J., Lahtinen, Kane and Kavanagh, JJ., concur. Ordered that the judgment is affirmed.