(October 16, 2008)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v OWEN CLARKE, Appellant. [865 NYS2d 211]—

Judgment, Supreme Court, New York County (Charles H. Solomon, J.), rendered April 25, 2006, convicting defendant, after a jury trial, of manslaughter in the first degree, and sentencing him, as a second violent felony offender, to a term of 8 to 16 years, unanimously affirmed.

Defendant raises an ineffective assistance of counsel claim based upon the failure of defense counsel to seek submission of second-degree manslaughter to the jury as a lesser included offense of second-degree murder. On the existing record, we find that defendant has failed to demonstrate "the absence of strategic or other legitimate explanations" (*People v Rivera*, 71 NY2d 705, 709 [1988]) for counsel's actions, and that defendant received effective assistance under the state and federal standards (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *see also Strickland v Washington*, 466 US 668 [1984]). The trial record supports the conclusion that defense counsel had chosen an "all-or-nothing" strategy (*see People v Lane*, 60 NY2d 748, 750 [1983]) in that she opposed the prosecutor's request to charge first-degree manslaughter, and she withdrew her request to submit first- and second-degree assault. The fact that defense counsel requested an intoxication charge is consistent with such a strategy, since intoxication goes to the issue of intent. Defendant would have been entitled to a complete acquittal if the jury found that he was too intoxicated to form an intent to kill or seriously injure the victim, and the record supports the inference that this was counsel's goal. Concur—Lippman, P.J., Andrias, Buckley, Sweeny and Renwick, JJ.