■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BERNARD COOPER, Appellant. [889 NYS2d 714]—

McCarthy, J. Appeal from a judgment of the County Court of Chemung County (Buckley, J.), rendered January 3, 2008, upon a verdict convicting defendant of the crimes of promoting prison contraband in the first degree (two counts), criminal possession of a controlled substance in the seventh degree and unlawful possession of marihuana.

Defendant, an inmate at Southport Correctional Facility in Chemung County, was convicted after a jury trial of various crimes relating to the possession of heroin and marihuana, on the theory that the contraband was passed to him by his wife during a visit on December 3, 2005. Prison officials received a note from a confidential informant indicating that defendant had recently brought contraband into the prison, that defendant would be receiving more on December 3, 2005, and that inmates were sending money to the address of defendant's wife. Correction Sergeant Stan Sepiol, a supervisor at the facility, confirmed that transfers were made from inmate accounts to the address in the informant's note. Defendant was permitted to visit with his wife on December 3, 2005 and Sepiol testified that video surveillance did not reveal anything suspicious during the visit.

Acting on the informant's tip, Sepiol and fellow correction officers approached defendant's cell to conduct a search shortly after defendant returned from the visit. Officers witnessed defendant throw something into the commode as they approached, prompting them to search defendant, which revealed five balloons of contraband in defendant's pocket. According to a forensic laboratory report from the State Police, the contraband included 30.5 grams of marihuana and 0.06 grams of heroin. Officers concluded that defendant had concealed the contraband in his rectum.

Upon the close of the People's case, defense counsel moved to dismiss pursuant to CPL 290.10 on the basis that the People failed to prove that the items recovered were dangerous contraband. County Court denied the motion and defendant failed to renew his application at the close of all evidence; hence, the argument was not preserved for appellate review (*see People v Hines*, 97 NY2d 56, 61 [2001]). Nevertheless, in connection with our determination that defendant's convictions are not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348 [2007]; *People v Gonzalez*, 64 AD3d 1038, 1040 [2009], *lv denied* 13 NY3d 796 [2009]), and cognizant that the Court of Appeals has recently held that small (noncriminal) amounts of marihuana do not constitute dangerous contraband (*see People v Finley*, 10 NY3d 647 [2008]), we address the circumstances supporting defendant's convictions for promoting prison contraband in the first degree.

The offense of promoting prison contraband in the first degree prohibits possession of "dangerous contraband" and is punishable as a felony, whereas promoting prison contraband in the second degree prohibits possession of "contraband" and is pun-

ishable as misdemeanor (*compare* Penal Law § 205.20 [2] *with* Penal Law § 205.25 [2]). The Court of Appeals in *Finley* emphasized the noncriminal quantities of marihuana at issue in the cases before it (*People v Finley*, 10 NY3d at 658). Although the Court of Appeals rejected the argument that the mere illegality of a substance qualifies it as dangerous contraband (*id.* at 658 n 8), the Court left open the question of whether illegal quantities of marihuana could be deemed dangerous contraband (*id.* at 658; *see People v Trank*, 58 AD3d 1076, 1077 [2009], *lv denied* 12 NY3d 860 [2009]).[1] The Court concluded that "the test for determining whether an item is *dangerous* contraband is whether its particular characteristics are such that there is a substantial probability that the item will be used in a manner that is likely to cause death or other serious injury, to facilitate an escape, or to bring about other major threats to a detention facility's institutional safety or security" (*People v Finley*, 10 NY3d at 657).

In contrast to the amounts of marihuana at issue in *Finley*, possession of the drugs at issue in this case was illegal and punishable as misdemeanor offenses (*see* Penal Law §§ 220.03, 221.10 [2]).[2] The evidence indicates that defendant's wife was paid by inmates in advance to import illegal quantities of both marihuana and heroin into prison for use by inmates. This process involved defendant's wife somehow defeating prison security checks and defendant's unsanitary method of concealing the drugs he apparently intended to distribute to other inmates. Moreover, according to the informant, this was not the first instance in which defendant smuggled drugs into the prison.

Defendant's success in importing drugs in this manner may encourage others to do the same with drugs or other contraband. Trial testimony established that Southport is a maximum security facility for problem inmates and that possession of heroin and marihuana by those inmates may lead to dangerous confrontations involving inmates and facility staff, as well as disciplinary problems. In our view, defendant's possession of illegal quantities of marihuana and heroin, together with the circumstances in which they were imported and concealed and defendant's apparent intent to distribute them to other inmates, reveal a substantial probability that the drugs will be used in a

---

**1.** Prior to *Finley*, the possession of marihuana supported convictions for promoting prison contraband in the first degree (*see e.g. People v McCrae*, 297 AD2d 878 [2002], *lv denied* 1 NY3d 576 [2003]).

**2.** Even a small amount of heroin has been found to be potentially dangerous in the context of the inmate population of a correctional facility (*see People v Watson*, 162 AD2d 1015 [1990]; *see also People v Finley*, 10 NY3d at 657).

manner likely to cause death or other serious injury or bring about other major threats to Southport's institutional safety or security (*see People v Finley*, 10 NY3d at 657). Accordingly, the weight of the evidence supports defendant's convictions, including his convictions for promoting prison contraband in the first degree.

Next, defendant's challenge to County Court's charge to the jury on reasonable doubt is not preserved for our review (*see People v Richard*, 30 AD3d 750, 754-755 [2006], *lv denied* 7 NY3d 869 [2006]). In any event, defendant's claim would fail. We note that the court's charge mirrored the charge recommended in the Criminal Jury Instructions (*see* CJI2d[NY] Presumption of Innocence, Burden of Proof, Proof Beyond a Reasonable Doubt), which is the " 'preferred phrasing to convey the concept' " (*People v Perkins*, 27 AD3d 890, 893 [2006], *lv denied* 6 NY3d 897 [2006], quoting *People v Cubino*, 88 NY2d 998, 1000 [1996]; *see People v Fairley*, 63 AD3d 1288, 1290 [2009], *lv denied* 13 NY3d 743 [2009]; *People v Fogarty*, 12 AD3d 854, 857 [2004], *lv denied* 4 NY3d 763 [2005]).

We have reviewed defendant's remaining contentions and find them to be without merit.

Cardona, P.J., Peters, Kavanagh and Stein, JJ., concur. Ordered that the judgment is affirmed.