# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1034
KA 09-01054
PRESENT: FAHEY, J.P., PERADOTTO, LINDLEY, SCONIERS, AND GREEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                              MEMORANDUM AND ORDER

DEMETRIUS MCGEE, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (VINCENT F. GUGINO OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (MICHAEL J. HILLERY OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Erie County (Shirley Troutman, J.), rendered May 20, 2009. The judgment convicted defendant, upon a jury verdict, of attempted murder in the first degree and reckless endangerment in the first degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of attempted murder in the first degree (Penal Law §§ 110.00, 125.27 [1] [a] [i]) and reckless endangerment in the first degree (§ 120.25). We reject defendant's contention that the evidence is legally insufficient to support the conviction (*see generally People v Bleakley*, 69 NY2d 490, 495). Defendant was charged as an accessory, and "[a]ccessorial liability requires only that defendant, acting with the mental culpability required for the commission of the crime, intentionally aid another in the conduct constituting the offense" (*People v Chapman*, 30 AD3d 1000, 1001, *lv denied* 7 NY3d 811 [internal quotation marks omitted]; *see* § 20.00). With respect to the attempted murder conviction, the People presented evidence establishing that defendant shared his codefendant's intent to kill the victim and intentionally aided the codefendant by, inter alia, driving the vehicle involved in the shooting, positioning the vehicle to enable the codefendant to get a clear shot at the victim and operating the vehicle at a high rate of speed in order to evade the police officers pursuing the vehicle (*see People v Cabassa*, 79 NY2d 722, 728, *cert denied* 506 US 1011; *People v Rutledge*, 70 AD3d 1368, *lv denied* 15 NY3d 777; *People v Zuhlke*, 67 AD3d 1341, *lv denied* 14 NY3d 774).

With respect to the reckless endangerment conviction, the People presented legally sufficient evidence that, "under circumstances

evincing a depraved indifference to human life, [defendant aided the codefendant, who] recklessly engage[d] in conduct [that] create[d] a grave risk of death to another person" (Penal Law § 120.25; *see People v Lozada*, 35 AD3d 969, 969-970, *lv denied* 8 NY3d 947; *People v Zanghi*, 256 AD2d 1120, 1122, *lv denied* 93 NY2d 881). The evidence at trial established that defendant drove down a residential street while the codefendant fired shots from the vehicle at numerous houses along the street. Two eyewitnesses testified that there were a number of children playing outside and residents in the street and on their porches at the time of the shooting. Several houses and a vehicle were struck by bullets.

Contrary to the further contention of defendant, we conclude that there is legally sufficient evidence to establish that he and the codefendant shared the requisite "community of purpose" for accomplice liability to attach (*People v Bray*, 99 AD2d 470 [internal quotation marks omitted]; *see generally People v Russell*, 91 NY2d 280, 288; *People v Rosario*, 199 AD2d 92, *lv denied* 82 NY2d 922, 927, 930, 83 NY2d 803). Defendant drove down the street at least twice prior to the shooting, operated the vehicle at a speed enabling the codefendant to fire multiple shots and strike several houses along the street and led the police on a high-speed chase in an attempt to evade capture. In addition, a jailhouse informant testified that the codefendant informed him that it was the driver of the vehicle, i.e., defendant, who initiated the events that led to the crimes at issue. We thus conclude that "there is a valid line of reasoning and permissible inferences from which a rational jury could have found the elements of the crime[s] proved beyond a reasonable doubt" (*People v Danielson*, 9 NY3d 342, 349 [internal quotation marks omitted]).

To the extent that defendant contends that his conviction is not supported by legally sufficient evidence because his uncorroborated admission that he was driving the vehicle involved in the shooting was the only evidence identifying him as a participant in the crimes, we reject that contention. Defendant's admission was sufficiently corroborated by, inter alia, the testimony of civilian witnesses to the shooting and the testimony of police witnesses who were involved in the subsequent vehicle chase, as well as forensic evidence, which provided the requisite "additional proof that the offense[s] charged [had] been committed" (CPL 60.50; *see People v Chico*, 90 NY2d 585, 589-591; *People v Burrs*, 32 AD3d 1299, *lv denied* 7 NY3d 924). Contrary to defendant's contention, "[u]nder CPL 60.50[,] no additional proof need connect the defendant with the crime" (*People v Lipsky*, 57 NY2d 560, 571, *rearg denied* 58 NY2d 824; *see People v Daniels*, 37 NY2d 624, 629). In any event, defendant's identity as the driver of the vehicle was established not only by his admission to that fact but also by the testimony of an officer who observed defendant during the vehicle chase and then apprehended him shortly after the chase concluded.

Viewing the evidence in light of the elements of the crimes as charged to the jury (*see Danielson*, 9 NY3d at 349), we reject defendant's contention that the verdict is against the weight of the

evidence (*see generally Bleakley*, 69 NY2d at 495). Contrary to the further contention of defendant, we conclude that he was not denied a fair trial based on ineffective assistance of counsel (*see generally People v Baldi*, 54 NY2d 137, 147). Defendant failed to demonstrate the lack of a strategic basis for defense counsel's failure to request a lesser included offense charge (*see People v Clarke*, 55 AD3d 370, *lv denied* 11 NY3d 923; *see also People v Wicks*, 73 AD3d 1233, 1236, *lv denied* 15 NY3d 857; *People v Guarino*, 298 AD2d 937, *lv denied* 98 NY2d 768). Indeed, defendant's theory of the case was that he was "just the driver," i.e., that he did not share the codefendant's criminal intent, not that he only intended to "cause serious physical injury" rather than death (Penal Law § 120.05 [1]). We further conclude that defendant was not denied effective assistance of counsel based on defense counsel's failure to challenge the probable cause for his arrest inasmuch as any such challenge would have " 'ha[d] little or no chance of success' " (*People v Biro*, 85 AD3d 1570, 1572, quoting *People v Stultz*, 2 NY3d 277, 287, *rearg denied* 3 NY3d 702). We have examined the remaining allegations of ineffective assistance of counsel raised by defendant and conclude that they lack merit. Viewing the evidence, the law and the circumstances of this case in totality and as of the time of the representation, we conclude that defense counsel provided meaningful representation (*see generally Baldi*, 54 NY2d at 147).

Finally, the sentence is not unduly harsh or severe.

Entered: September 30, 2011

Patricia L. Morgan
Clerk of the Court