Egan Jr., J.
Appeal from a judgment of the County Court of Washington County (McKeighan, J.), rendered November 23, 2010, upon a verdict convicting defendant of the crimes of promoting prison contraband in the first degree and conspiracy in the fifth degree (two counts).
In June 2010, defendant was indicted and charged with various crimes relating to the smuggling of 29 grams of marihuana— concealed in Clancy’s potato chip bags — into Great Meadow Correctional Facility in Warren County, where he was incarcerated. Following a jury trial, defendant was convicted of promoting prison contraband in the first degree and conspiracy in the fifth degree (two counts) and was sentenced, as a second felony offender, to an aggregate prison term of 3 to 6 years — said sentence to be served consecutively to his existing term of imprisonment. Defendant now appeals.
We affirm. Defendant initially contends that the verdict is not supported by legally sufficient evidence because the People failed to prove that 29 grams of marihuana constitutes “dangerous contraband” within the meaning of Penal Law § 205.25 (1). Although defendant’s argument on this point was properly preserved for our review (see People v Camerena, 42 AD3d 814, 815 [2007], lv denied 9 NY3d 921 [2007]), we find it to be lacking in merit.
A person is guilty of promoting prison contraband in the first degree when, insofar as is relevant here, he or she “knowingly and unlawfully introduces any dangerous contraband into a detention facility” (Penal Law § 205.25 [1]). Dangerous *1265 contraband, in turn, is defined as “contraband which is capable of such use as may endanger the safety or security of a detention facility or any person therein” (Penal Law § 205.00 [4]; see People v Machuca, 45 AD3d 1043, 1044 [2007], lv denied 10 NY3d 813 [2008]). “[T]he test for determining whether an item is dangerous contraband is whether its particular characteristics are such that there is a substantial probability that the item will be used in a manner that is likely to cause death or other serious injury, to facilitate an escape, or to bring about other major threats to a detention facility’s institutional safety or security” (People v Finley, 10 NY3d 647, 657 [2008]; accord People v Cooper, 67 AD3d 1254, 1256 [2009], lv denied 14 NY3d 799 [2010]).
Despite defendant’s protestations to the contrary, there is ample evidence to support a finding that the 29 grams of marihuana, which was sent to another inmate at the prison by defendant’s wife,[1] constituted dangerous contraband. While the Court of Appeals indeed has held that “small amounts of marihuana” will not qualify as dangerous contraband (People v Finley, 10 NY3d at 658; see Penal Law § 221.05 [possession of less than 25 grams of marihuana constitutes a noncriminal violation]),[2] it also expressly “left open the question of whether . . . quantities of marihuana [greater than 25 grams] could be deemed dangerous contraband” (People v Cooper, 67 AD3d at 1256).
Here, the quantity of marihuana at issue would have constituted a class B misdemeanor possession offense (see Penal Law § 221.10 [2]). Additionally, a review of defendant’s phone records, actual telephone calls and inmate account, together with an examination of facility disbursement records, revealed that defendant’s wife received a number of disbursements from various inmates at the facility — to whom she had no discernible connection — and that she, in turn, deposited funds in excess of $10,000 into defendant’s inmate account. Further, the trial testimony established that drug trafficking in prisons often is controlled by groups that are willing to resort to violence in order to get paid, leads to dangerous confrontations between fellow inmates — or between inmates and facility staff — and “creates an undercurrent [of violence and retaliation] [with] in [a] *1266 facility that cannot be monitored.” Such proof, in our view, demonstrates the existence of a well-organized scheme to introduce a misdemeanor quantity of marihuana into a maximum security facility with the intent to distribute such marihuana to other inmates and “reveal[s] a substantial probability that the [marihuana would] be used in a manner likely to cause . . . serious injury or bring about other major threats to [Great Meadow’s] institutional safety or security” (People v Cooper, 67 AD3d at 1256-1257). Accordingly, we find that the verdict is supported by legally sufficient evidence.
As for defendant’s ineffective assistance of counsel claim, defendant concedes — and the record reflects — that trial counsel made timely pretrial motions, presented cogent opening and closing statements, registered appropriate objections during the course of the trial, effectively cross-examined the People’s witnesses, was well-versed in the applicable law and achieved an acquittal upon one of the counts in the indictment. Defendant nonetheless finds fault with counsel’s performance, arguing that counsel was deficient in failing to request funding for an expert witness to contest the handling and weighing of the marihuana seized and failing to request a charge for a lesser included offense.
“It is well settled that the failure to call a particular witness does not necessarily amount to ineffective assistance of counsel” (People v Muller, 57 AD3d 1113, 1114 [2008], lv denied 12 NY3d 761 [2009] [citations omitted]; accord People v Auleta, 82 AD3d 1417, 1419 [2011], lv denied 17 NY3d 813 [2011]) — particularly where, as here, trial counsel extensively questioned the relevant witnesses as to the manner in which the marihuana at issue was stored prior to weighing, the circumstances under which it was weighed and the procedures followed with respect thereto. Additionally, “[t]he failure to request submission of a lesser included charge to the jury precludes appellate review, unless such failure deprived defendant of a fair trial” (People v Fulwood, 86 AD3d 809, 811 [2011], lv denied 17 NY3d 952 [2011] [internal quotation marks and citation omitted]). Defendant made no such showing here and, further, “has not demonstrated that the failure to request [such a] charge was other than an acceptable ‘all-or-nothing’ defense strategy” (People v Guarino, 298 AD2d 937, 938 [2002], lv denied 98 NY2d 768 [2002]; see People v Wicks, 73 AD3d 1233, 1236 [2010], lv denied 15 NY3d 857 [2010]; People v Clark, 115 AD2d 860, 862 [1985], lv denied 67 NY2d 941 [1986]). Accordingly, reviewing trial counsel’s representation in its entirety, we are satisfied that defendant received the effective assistance of counsel (see People v Mc *1267 Robbie, 97 AD3d 970, 972 [2012]; People v Wiltshire, 96 AD3d 1227, 1230 [2012]; People v Buchanan, 95 AD3d 1433, 1436-1437 [2012]).
Finally, defendant’s claim that the two counts of the indictment charging him with conspiracy in the fifth degree are multiplicitous is unpreserved for our review, and we decline defendant’s invitation to take corrective action in the interest of justice (see People v Thompson, 34 AD3d 931, 932 [2006], lv denied 7 NY3d 929 [2006]). Defendant’s remaining contentions, to the extent not specifically addressed, have been examined and found to be lacking in merit.
Peters, EJ., Rose, Malone Jr. and Stein, JJ, concur. Ordered that the judgment is affirmed.

. Because inmates are limited as to the number of packages they may receive from friends and family each year, the inmate to whom the package was addressed testified that he agreed to allow defendant to use his package allowance in exchange for food and cigarettes.

. The quantity of marihuana at issue in both People v Finley (10 NY3d at 652 [three joints]) and the companion case of People v Salters (10 NY3d 647, 650 [2008] [9.3 grams]) was substantially less than 25 grams.