# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

461

KA 09-00607

PRESENT: SMITH, J.P., CARNI, LINDLEY, SCONIERS, AND DEJOSEPH, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

HERMAN H. BANK, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (JAMES ECKERT OF
COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (LEAH R. MERVINE OF
COUNSEL), FOR RESPONDENT.

---------------------------------------------------------------------------------------------------------------

Appeal from a judgment of the Monroe County Court (John J.
Connell, J.), rendered February 27, 2009. The judgment convicted
defendant, after a nonjury trial, of manslaughter in the second degree
(two counts), vehicular manslaughter in the first degree, vehicular
manslaughter in the second degree (two counts), vehicular assault in
the second degree, driving while ability impaired by drugs, and
one-way violation.

It is hereby ORDERED that the judgment so appealed from is
unanimously modified on the law by reversing those parts convicting
defendant of two counts of vehicular manslaughter in the second degree
and one count of driving while ability impaired by drugs and
dismissing counts four, five, and seven of the indictment, and as
modified the judgment is affirmed.

Memorandum: Defendant appeals from a judgment convicting him
upon a nonjury verdict of, inter alia, two counts of vehicular
manslaughter in the second degree (Penal Law § 125.12 [1]), and one
count each of vehicular manslaughter in the first degree (§ 125.13
[4]) and driving while ability impaired by drugs (Vehicle and Traffic
Law § 1192 [4]). Defendant contends that he was denied effective
assistance of counsel because defense counsel pursued a hopeless
defense and, in any event, failed to call an expert who could provide
a proper opinion in support of that defense. We reject that
contention.

This prosecution arises from an incident in which defendant drove
the wrong way on a divided highway, eventually colliding with a
vehicle proceeding in the proper direction. The collision resulted in
the deaths of two occupants of the other vehicle and injuries to a
third. Defendant was found trapped in the driver's seat of his
vehicle, from which it took first responders and ambulance crew

members more than an hour to remove him.  A sample of defendant's blood was obtained pursuant to a court order, and an analysis of it revealed, among other things, the presence of cocaine and several of its metabolites.  The People's expert toxicologist opined that defendant had a "significant concentration" of cocaine in his system at the time he operated the vehicle.  The expert testified that she had seen "a great many cocaine deaths that are due to" the presence of cocaine at such a concentration.

At trial, defendant called an expert pharmacological witness, who opined that defendant was unable to appreciate the nature and consequences associated with ingesting cocaine and driving.  After noting that defendant had been diagnosed as suffering from bipolar disorder and that he was prescribed medication therefor, the expert opined that defendant's failure to take the prescribed medication predisposed him to enter the manic or hypomanic phase of his bipolar disorder.  The expert further noted that one of the medications recently prescribed to defendant was now counterindicated for people who had bipolar disorder because of the drug's tendency to cause such people to enter a manic phase.  The expert opined that defendant would have been unable to appreciate the risks inherent in behavior such as taking cocaine and driving if he were in the manic or hypomanic phase of his bipolar disorder.  The expert testified that she relied upon diagnoses in defendant's medical records in determining that he suffered from bipolar disorder, but that she was not a psychological expert and thus could not form an opinion whether defendant was suffering from the disorder when he operated the vehicle.

We reject defendant's contention that he was denied effective assistance of counsel by defense counsel's choice to pursue a defense based on mental disease or defect and by defense counsel's failure to call a psychological or psychiatric expert in support of that defense.  The defense of mental disease or defect, insofar as relevant here, "is an affirmative defense [requiring proof] that when the defendant engaged in the proscribed conduct, he lacked criminal responsibility by reason of mental disease or defect.  Such lack of criminal responsibility means that at the time of such conduct, as a result of mental disease or defect, he lacked substantial capacity to know or appreciate . . . [t]he nature and consequences of such conduct" (Penal Law § 40.15 [1]).  With respect to defendant's contention that defense counsel was ineffective because "defense counsel should have simply put the [P]eople to their proof" rather than attempting to present an affirmative defense without an appropriate expert, it is well settled that, "[t]o prevail on a claim of ineffective assistance of counsel, it is incumbent on defendant to demonstrate the absence of strategic or other legitimate explanations" for defense counsel's allegedly deficient conduct (*People v Rivera*, 71 NY2d 705, 709; *see People v Benevento*, 91 NY2d 708, 712).  In addition, a reviewing court must "avoid both confusing true ineffectiveness with mere losing tactics and according undue significance to retrospective analysis" (*People v Baldi*, 54 NY2d 137, 146; *see Benevento*, 91 NY2d at 712; *People v Kurkowski*, 117 AD3d 1442, 1443, *lv denied* 16 NY3d 896; *see also People v McGee*, 20 NY3d 513, 521; *People v Satterfield*, 66 NY2d 796, 798).  "The fact that an attorney chooses to rely upon an unsuccessful

defense to the exclusion of another available defense does not mean that the attorney's representation was ineffective" (*People v Robinson*, 156 AD2d 974, 974, *lv denied* 75 NY2d 923; *see People v Lane*, 60 NY2d 748, 750).

Here, defense counsel diligently presented and pursued the defense that defendant was not guilty by reason of mental disease or defect.  In support of that defense, he made cogent opening and closing statements, cross-examined the People's witnesses, and offered expert testimony.  Furthermore, defendant's contention that defense counsel would have had a greater likelihood of success if he had put the prosecution to its proof rather than pursue the affirmative defense is without foundation in light of the overwhelming quantity and quality of the proof presented by the People.  Consequently, we agree with the People that defendant failed to establish " 'the absence of strategic or other legitimate explanations' for [defense] counsel's alleged shortcomings" in pursuing the affirmative defense (*Benevento*, 91 NY2d at 712; *see People v Roman*, 60 AD3d 1416, 1417-1418, *lv denied* 12 NY3d 928; *see also People v Morgan*, 96 AD3d 1418, 1419, *lv denied* 20 NY3d 987).

Defendant also failed to establish that defense counsel was ineffective in choosing to present the affirmative defense through a pharmacological expert rather than a psychological or psychiatric expert.  "It is well settled that the failure to call a particular witness does not necessarily amount to ineffective assistance of counsel" (*People v Muller*, 57 AD3d 1113, 1114, *lv denied* 12 NY3d 761; *see People v Ariosa*, 100 AD3d 1264, 1266, *lv denied* 21 NY3d 1013), especially where, as here, there is "no proof indicating a significant likelihood that an additional expert would have reached an opinion substantially inconsistent with the People's experts" (*People v Venkatesan*, 295 AD2d 635, 637, *lv denied* 99 NY2d 565, *cert denied* 549 US 854), all of whom opined that defendant was acting under the influence of a crack cocaine binge rather than a phase of his bipolar disorder.  The choice of expert to support the defense "reflects a reasonable and legitimate strategy under the circumstances and evidence presented, even if unsuccessful" (*Benevento*, 91 NY2d at 713).  Consequently, viewing the evidence, the law and the circumstances of this case, in totality and as of the time of the representation, we conclude that defendant received meaningful representation (*see generally Baldi*, 54 NY2d at 147).

Finally, as the People correctly concede, counts four, five and seven must be dismissed as lesser inclusory counts of count three, vehicular manslaughter in the first degree.  Initially, we note that defendant's failure to preserve the issue for our review is of no moment because preservation is not required (*see People v Moore*, 41 AD3d 1149, 1152, *lv denied* 9 NY3d 879, *reconsideration denied* 9 NY3d 992).  With respect to the merits, "concurrent counts are inclusory when the offense charged in one is greater than that charged in the other and when the latter is a lesser offense included within the greater" (*People v Scott*, 61 AD3d 1348, 1350, *lv denied* 12 NY3d 920, *reconsideration denied* 13 NY3d 799; *see* CPL 300.30 [4]; *People v Miller*, 6 NY3d 295, 300).  Thus, where, as here, "it is impossible to

commit a particular crime without concomitantly committing, *by the same conduct*, []other offense[s] of lesser grade or degree, the latter [are], with respect to the former, . . . lesser included offense[s]" (*Miller*, 6 NY3d at 301 [internal quotation marks omitted]).  Because it is impossible to commit the crime of vehicular manslaughter in the first degree under Penal Law § 125.13 (4), without concomitantly committing the crime of vehicular manslaughter in the second degree under Penal Law § 125.12, or without concomitantly committing the crime of, inter alia, driving while ability impaired by drugs under Vehicle and Traffic Law § 1192 (4), the latter two crimes are inclusory concurrent counts of the former crime.  We therefore modify the judgment by dismissing the three counts of the indictment charging the latter two crimes.

Entered:  June 12, 2015                           Frances E. Cafarell
                                                  Clerk of the Court