■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARCUS RESPRESS, Appellant. [34 NYS3d 652]—

Peters, P.J. Appeal from a judgment of the County Court of Chemung County (Hayden, J.), rendered September 8, 2014, upon a verdict convicting defendant of the crime of promoting prison contraband in the first degree.

On June 20, 2013, an investigator with the Inspector General's Narcotics Unit stopped a visitor in the lobby of the Elmira Correctional Facility and escorted her to a nearby office. After ascertaining that she had come to the facility to visit defendant, an inmate, the investigator questioned the visitor as to whether she had anything illegal on her person. The visitor responded affirmatively, and she then reached down the front of her pants and removed a bag containing 29 pills that later tested positive for Buprenorphine, a controlled substance.

Following a jury trial, defendant was convicted, as an accomplice, of promoting prison contraband in the first degree and sentenced as a second felony offender to a prison term of 2½ to 5 years, to be served consecutively to his existing term of imprisonment. He now appeals.

The crime of promoting prison contraband in the first degree is committed when, insofar as is relevant here, a person "knowingly and unlawfully introduces any dangerous contraband into a detention facility" (Penal Law § 205.25 [1]). Defendant does not challenge the evidence implicating him in the crime, nor does he dispute that the lobby area where the visitor was intercepted was part of the "detention facility" within the meaning of the statute (*see* Penal Law § 205.00 [4]; *People v Swan*, 81 AD3d 1278, 1279 [2011], *lv denied* 16 NY3d 900 [2011]; *People v Blank*, 87 AD2d 947, 948 [1982]). Rather, defendant contends that, absent evidence that the contraband was presented or conveyed to a particular person or persons in the correctional facility, the jury could not conclude that the visitor "introduce[d]" contraband into the facility. We disagree.

The Penal Law does not define the word introduce. In the absence of a statutory definition, courts "construe words of ordinary import with their usual and commonly understood meaning, and in that connection have regarded dictionary definitions as useful guideposts in determining the meaning of a word or phrase" (*Yaniveth R. v LTD Realty Co.*, 27 NY3d 186, 192 [2016] [internal quotation marks and citation omitted]; *see*

McKinney's Cons Laws of NY, Book 1, Statutes § 232 at 392-393; *People v Finley*, 10 NY3d 647, 654 [2008]; *see also* Penal Law § 5.00 [providing that Penal Law provisions "must be construed according to the fair import of their terms to promote justice and effect the objects of the law"]). The commonly understood definition of "introduce" is "to lead or bring in especially for the first time" (Merriam-Webster's Collegiate Dictionary 635 [11th ed 2008]). There is nothing in Penal Law § 205.25 to indicate that the Legislature intended the meaning of "introduce[ ]" to vary from this obvious and commonly accepted definition, and we have previously construed the term consistent with that meaning (*see People v Machuca*, 45 AD3d 1043, 1043-1044 [2007], *lv denied* 10 NY3d 813 [2008]). Had the Legislature intended to require something more than the act of transporting or otherwise inserting contraband within the contours of the detention facility—such as, for instance, dissemination within the prison population—it could have easily said so. It did not, and " 'a court cannot amend a statute by inserting words that are not there' " (*Matter of Chemical Specialties Mfrs. Assn. v Jorling*, 85 NY2d 382, 394 [1995], quoting McKinney's Cons Laws of NY, Book 1, Statutes § 363). Thus, we conclude that the visitor's act of entering the facility with the contraband was sufficient to establish the element of introduction (*see* Penal Law § 205.25 [1]; *People v Machuca*, 45 AD3d at 1043-1044).

Lahtinen, Garry, Clark and Mulvey, JJ., concur. Ordered that the judgment is affirmed.