# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**183**

**KA 13-00381**

PRESENT: WHALEN, P.J., CENTRA, DEJOSEPH, NEMOYER, AND TROUTMAN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

ERIC B. JONES, ALSO KNOWN AS ERICAN JONES,
DEFENDANT-APPELLANT.

---

MULDOON, GETZ & RESTON, ROCHESTER (GARY MULDOON OF COUNSEL), FOR
DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NANCY GILLIGAN OF
COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Monroe County Court (Vincent M.
Dinolfo, J.), rendered August 30, 2012. The judgment convicted
defendant, upon a jury verdict, of course of sexual conduct against a
child in the second degree (two counts) and sexual abuse in the second
degree.

It is hereby ORDERED that the judgment so appealed from is
unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him
upon a jury verdict of sexual abuse in the second degree (Penal Law
§ 130.60 [2]) and two counts of course of sexual conduct against a
child in the second degree (§ 130.80 [1] [b]). Defendant's conviction
arose from his alleged abuse of his girlfriend's daughter and another
underage girl.

We reject defendant's contention that he was denied effective
assistance of counsel. With respect to defense counsel's failure to
obtain an expert witness, defendant failed to show that such testimony
was available and that it "would have assisted the jury in its
determination or that he was prejudiced by its absence" (*People v
Smith*, 126 AD3d 1528, 1530-1531, *lv denied* 26 NY3d 1150 [internal
quotation marks omitted]). With respect to defense counsel's failure
to make a specific motion for a trial order of dismissal, we conclude
that such a motion would have had little or no chance of success (*see
People v Stultz*, 2 NY3d 277, 287, *rearg denied* 3 NY3d 702; *People v
Horton*, 79 AD3d 1614, 1616, *lv denied* 16 NY3d 859), and we note that
defendant has not challenged the legal sufficiency of the evidence on
appeal. To the extent that defendant's contention is based upon off-
the-record communications between defendant and counsel, it is
properly the subject of a CPL article 440 motion (*see People v Weaver*,

118 AD3d 1270, 1272, *lv denied* 24 NY3d 965). With respect to the remaining instances of alleged ineffectiveness, defendant failed " 'to demonstrate the absence of strategic or other legitimate explanations' for counsel's alleged shortcomings" (*People v Benevento*, 91 NY2d 708, 712; *see People v Bank*, 129 AD3d 1445, 1447, *affd* 28 NY3d 131). Viewing the evidence, the law, and the circumstances of this case, in totality and as of the time of the representation, we conclude that defense counsel provided defendant with meaningful representation (*see generally People v Baldi*, 54 NY2d 137, 147).

We reject defendant's further contention that County Court abused its discretion in limiting his cross-examination of his girlfriend's daughter. Contrary to defendant's contention, the record establishes that the court's ruling was not based on the Rape Shield Law (CPL 60.42) but, rather, it was based on the relevance of the proposed testimony. "In determining issues of relevancy of evidence, trial courts possess latitude to admit or preclude evidence based on their analysis of its probative value against the danger that it will confuse the main issues, cause unfair prejudice to the other side or be cumulative" (*People v Halter*, 19 NY3d 1046, 1051). Here, the court allowed defendant to cross-examine his girlfriend's daughter concerning his role in disciplining her and some of her alleged underlying misbehavior, and the court precluded defendant from questioning her about other, more serious, alleged misbehavior, which defendant's trial counsel conceded was irrelevant. Given the slight probative value of the proposed testimony and its potential to confuse the issues at trial, we cannot conclude that the court's ruling constituted an abuse of discretion (*see generally id.*).

Entered:  February 10, 2017                    Frances E. Cafarell
                                               Clerk of the Court