People v Smith (2018 NY Slip Op 00679)





People v Smith


2018 NY Slip Op 00679


Decided on February 2, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 2, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, NEMOYER, TROUTMAN, AND WINSLOW, JJ.


97 KA 16-00381

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
TAUREAN SMITH, DEFENDANT-APPELLANT. 






THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (NICHOLAS P. DIFONZO OF COUNSEL), FOR DEFENDANT-APPELLANT. 
JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (DANIEL J. PUNCH OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Erie County (Russell P. Buscaglia, A.J.), rendered February 26, 2016. The judgment convicted defendant, after a nonjury trial, of criminal possession of a weapon in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a nonjury verdict of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]). The case arose from a daytime traffic stop in the City of Buffalo of a vehicle in which defendant was a passenger. A suppression hearing established that an officer of the Buffalo Police Department (BPD) observed that neither the vehicle's driver nor defendant were wearing seatbelts over their white shirts. As the officer began to follow the vehicle in his patrol car, the driver of the vehicle pulled to the side of the road and parked, so the officer engaged the patrol car's overhead lights and pulled up behind the parked vehicle. Defendant exited the parked vehicle and began walking away, prompting the officer to order him to return to the vehicle. Instead, defendant fled on foot. During the ensuing chase, defendant dropped a handgun and tore his shirt. Defendant was eventually apprehended and made statements to police officers.
Defendant contends that Supreme Court erred in denying that part of his omnibus motion seeking to suppress the physical evidence and his subsequent statements. We reject that contention. An officer's observation that a person is not wearing a seatbelt is sufficient reason to stop a vehicle (see People v Thompson, 106 AD3d 1134, 1135 [3d Dept 2013]; People v Cosme, 70 AD3d 1364, 1364 [4th Dept 2010], lv denied 14 NY3d 886 [2010]). In such circumstances, where the person subsequently flees from the vehicle, the police act reasonably in arresting him (see People v Bradford, 114 AD3d 1163, 1163 [4th Dept 2014], lv denied 23 NY3d 1060 [2014]). The court's determination to credit the testimony of the arresting officer with respect to his observations is entitled to great deference, and we decline to disturb it (see People v Bush, 107 AD3d 1581, 1582 [4th Dept 2013], lv denied 22 NY3d 954 [2013]).
Defendant further contends that he was denied effective assistance of counsel. In particular, he contends that his trial counsel should have moved to recall the arresting officer to the witness stand during the suppression hearing because subsequent evidence cast doubt upon the officer's prior testimony that BPD procedures did not require him to call the traffic stop into the dispatcher. We reject that contention. Defense counsel is not ineffective for failing to make a motion that has little or no chance of success (see People v Caban, 5 NY3d 143, 152 [2005]; People v Jones, 147 AD3d 1521, 1521 [4th Dept 2017], lv denied 29 NY3d 1033 [2017]). Here, the court properly concluded that the officer's allegedly inaccurate testimony about BPD procedures did not render incredible the testimony about his observations of defendant prior to the arrest (see generally People v Dunbar, 104 AD3d 198, 216-217 [2d Dept 2013], affd 24 NY3d 304 [2014], cert denied — US &mdash, 135 S Ct 2015 [2015]). Defendant also contends that [*2]his trial counsel was ineffective in failing to move to reopen the suppression hearing based upon trial evidence that defendant was wearing a green shirt, not a white shirt, in jail following his arrest. That contention is without merit. A suppression motion may be renewed "upon a showing by the defendant . . . that additional pertinent facts have been discovered by the defendant which he could not have discovered with reasonable diligence before the determination of the motion" (CPL 710.40 [4]). Here, the color of the shirt that defendant was wearing at the time of his arrest was known to him prior to the determination of the motion.
Entered: February 2, 2018
Mark W. Bennett
Clerk of the Court